IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CORALIE JANE STEVENS,** by and through Erin K. Olson, her duly appointed conservator,<br><br>             Plaintiff,<br><br>       v.<br><br>**NICOLE MARIE STEVENS,**<br>**WESLEY ALLEN REAM, JR.,**<br>**WESLEY ALLEN REAM, SR.,**<br>**MATHEW DEAN ZIRBEL,**<br>**ALPHA FOUNDATION,**<br>**RAW FOUNDATION,**<br>**ONYX FOUNDATION,**<br>**SKYVIEW FOUNDATION,**<br>**NWRN FOUNDATION,**<br>**COBALT FOUNDATION,**<br>**TRICK FOUNDATION,** and<br>**FACE REALITIES FOUNDATION**,<br><br>             Defendants. | Case No. 3:24-cv-411-SI<br><br>**OPINION AND ORDER** |

Paul C. Galm, DAVIS GALM LAW FIRM, 12220 SW First Street, Beaverton, OR 97005; and Erin K. Olson, LAW OFFICE OF ERIN OLSON, PC, 1631 NE Broadway Street, #816, Portland, OR 97232. Of Attorneys for Plaintiff.

Charles R. Markley, BROWNSTEIN RASK LLP, 1 SW Columbia Street, Suite 900, Portland, OR 97204. Of Attorneys for Defendants Wesley Allen Ream, Jr. and Wesley Allen Ream, Sr.

Tyler D. Smith, TYLER D. SMITH PC, 181 N. Grant Street, Suite 212, Canby, OR 97103; Of Attorneys for Defendants Mathew Dean Zirbel and NWRN Foundation.

PAGE 1 – OPINION AND ORDER

Steven F. Cade, SUSSMAN SHANK LLP, 1000 SW Broadway, Suite 1400, Portland, OR 97205. Of Attorneys for Defendants Raw Foundation, Skyview Foundation, Cobalt Foundation, Trick Foundation, Face Realities Foundation, and Alpha Foundation.

**Michael H. Simon, District Judge.**

Plaintiff Coralie Jane Stevens, through her duly appointed conservator, Erin K. Olson, brings this lawsuit against Defendants Nicole Marie Stevens ("Stevens"), Wesley Allen Ream, Jr. ("Ream Jr."), Wesley Allen Ream, Sr. ("Ream Sr."), Mathew Dean Zirbel ("Zirbel"), Raw Foundation, Skyview Foundation, Cobalt Foundation, Trick Foundation, Face Realities Foundation, Alpha Foundation, NWRN Foundation, and Onyx Foundation.[1] Against the non-defaulting Defendants (*i.e.*, all Defendants other than Stevens and Onyx Foundation), Plaintiff alleges the following four claims: (1) violations of the federal Racketeer Influenced and Corrupt Organizations ("RICO") statute, 18 U.S.C. § 1964(c); (2) violation of the Oregon RICO statute ("ORICO"), Or. Rev. Stat. ("ORS") § 166.725; (3) financial abuse of a vulnerable person, in violation of ORS § 124.110; and (4) fraudulent conveyance, in violation of ORS § 95.200. ECF 1 ("Compl."). All non-defaulting Defendants have answered and asserted affirmative defenses. *See* ECF 20 (Zirbel and NWRN Foundation); ECF 28 (the Reams); ECF 34 (the Foundation Defendants). In addition, the Foundation Defendants have filed a counterclaim, alleging that Plaintiff's filing of several Notices of *Lis Pendens* "unlawfully encumbered" their property and "deprived the Foundation Defendants of their property without due process of law." ECF 34.

---

[1] On July 11, 2024, the Court entered orders of default against Nicole Marie Stevens and Onyx Foundation. ECF 10. For convenience, the Court refers to Ream, Jr. and Ream, Sr. as "the Reams." For convenience, the Court refers to Raw Foundation, Skyview Foundation, Cobalt Foundation, Trick Foundation, Face Realities Foundation, and Alpha Foundation as "the Foundation Defendants." The Court addresses NWRN Foundation separately from the Foundation Defendants.

Now pending before the Court is Plaintiff's FRCP 12 Motions Against Defendants' Affirmative Defenses and Counterclaim. ECF 42. Specifically, Plaintiff moves: (1) for a more definite statement of one affirmative defense asserted by the Foundation Defendants; (2) for partial judgment on the pleadings, directed against one affirmative defense asserted by the Foundation Defendants and by Zirbel and NWRN Foundation; (3) to strike one affirmative defense asserted by the Foundation Defendants; (4) to strike one affirmative defense asserted by Zirbel and NWRN Foundation; and (5) to dismiss the counterclaim asserted by the Foundation Defendants. Zirbel and NWRN Foundation responded (ECF 44), as did the Foundation Defendants (ECF 45), and Plaintiff replied (ECF 46). The Court does not believe that oral argument will assist in the resolution of the pending motions. For the reasons stated below, the Court grants Plaintiff's motions in their entirety.

## STANDARDS

**A. Motion to Dismiss for Failure to State a Claim—Fed. R. Civ. P. 12(b)(6)**

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The court must draw all

PAGE 3 – OPINION AND ORDER

reasonable inferences from the factual allegations in favor of the plaintiff. *Newcal Indus. v. Ikon Off. Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit a plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (quotation marks omitted).

**B.  Motion for Judgment on the Pleadings—Fed. R. Civ. P. 12(c)**

Rule 12(h)(2)(B) allows a party to raise the failure to state a legal defense under Rule 12(c). "Analysis under Rule 12(c) is 'substantially identical' to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Pit River Tribe v. Bureau of Land Mgmt.*, 793 F.3d 1147, 1155 (9th Cir. 2015) (quoting *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012)). Thus, in a Rule 12(c) motion a court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

### C. Motion for a More Definite Statement—Fed. R. Civ. P. 12(e)

A court may order a more definite statement if the pleading "is so vague or ambiguous that the [opposing] party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "A Rule 12(e) motion for more definite statement is disfavored and is proper only if the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted, meaning the complaint is so vague that the defendant cannot begin to frame a response." *Barnes v. Olive*, 2015 WL 5813193, at *2 (D. Or. Sept. 30, 2015) (quoting *Adobe Sys. Inc. v. Software Speedy*, 2014 WL 7186682, at *5 (N.D. Cal. Dec. 16, 2014)). Rule 12(e) is designed to strike at unintelligibility, rather than want of detail. *Barnes*, 2015 WL 5813193, at *2. "Rule 12(e) motions attack the intelligibility of the complaint, not the lack of detail, and are properly denied where the complaint notifies the defendant of the substance of the claims asserted." *Id.* (quoting *Holdner v. Coba*, 2010 WL 678112, at *1 (D. Or. Feb. 25, 2010)). Finally, when the detail sought is available through discovery, the motion should be denied. *Id.*; *Feldman v. C.I.A.*, 797 F. Supp. 2d 29, 42 (D.D.C. 2011) ("Courts are reluctant to compel a more definite statement pursuant to Rule 12(e), and to prevent Rule 12(e) from becoming a substitute for discovery, courts will generally deny a motion for a more definite statement where the information sought may be obtained in discovery" (cleaned up)).

### D. Motion to Strike Affirmative Defense—Fed. R. Civ. P. 12(f)

A court may strike an affirmative defense under Rule 12(f) if it presents an "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of a Rule 12(f) motion is to avoid spending time and money litigating spurious issues. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010); *see also Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994). The disposition of a motion to strike is within the discretion of the district court. *See*

*Fed. Sav. & Loan Ins. Corp. v. Gemini Mgmt.*, 921 F.2d 241, 244 (9th Cir. 1990). "Motions to strike are disfavored and infrequently granted." *Legal Aid Servs. of Or. v. Legal Servs. Corp.*, 561 F. Supp. 2d 1187, 1189 (D. Or. 2008); *see also Capella Photonics, Inc. v. Cisco Sys., Inc.*, 77 F. Supp. 3d 850, 858 (N.D. Cal. 2014) ("Motions to strike are regarded with disfavor because of the limited importance of pleadings in federal practice and because they are often used solely to delay proceedings." (cleaned up)).

An affirmative defense may be struck if it is insufficient. "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Simmons v. Navajo County*, 609 F.3d 1011, 1023 (9th Cir. 2010) (quoting *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979)). "[T]he 'fair notice' required by the pleadings standards only requires describing the defense in 'general terms.'" *Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1274 (3d ed. 1998)).

Rule 12(f) also provides that pleadings that are "immaterial" or "impertinent" may be struck by a court. An "immaterial" matter is "that which has no essential or important relationship to the claim for relief or the defenses being plead[ed]." *Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 967 (9th Cir. 2014) (quoting *Fantasy, Inc.*, 984 F.2d at 1527). "Impertinent" matters are those "that do not pertain, and are not necessary, to the issues in question." *Whittlestone*, 618 F.3d at 974 (quoting *Fantasy, Inc.*, 984 F.2d at 1527). Such pleadings are legally insufficient because they clearly lack merit "under any set of facts the defendant might allege." *Polk v. Legal Recovery L. Offs.*, 291 F.R.D. 485, 489 (S.D. Cal. 2013) (cleaned up).

## BACKGROUND

Plaintiff is an unmarried 80-year-old woman who has been diagnosed with dementia. Stevens is Plaintiff's daughter and only child. Ream Jr. is Stevens' domestic partner, and

Ream Sr. is Ream Jr.'s father. Plaintiff alleges that Zirbel worked in concert with the other Defendants. The Foundation Defendants and NWRN Foundation are all unregistered assumed business names, and Plaintiff alleges that these foundations were used by Stevens, the Reams, and Zirbel to defraud, evade taxes, and fraudulently conceal assets. Compl. ¶ 16.

Plaintiff alleges that in May 2020, Stevens had herself added to Plaintiff's bank accounts using a "Power of Attorney for Management of Property and Personal Affairs" signed by Plaintiff that was to become effective only upon Plaintiff's incapacity. *Id.* ¶¶ 40-41. Plaintiff also alleges that on May 29, 2020, Stevens wrote a check for $40,000 from Plaintiff's checking account payable to Onyx Foundation. *Id.* ¶ 43. On June 5, 2020, Plaintiff alleges, Stevens directed that all of Plaintiff's investment and retirement accounts be liquidated and the proceeds transferred to the bank account of Onyx Foundation. *Id.* ¶ 45. According to Plaintiff, her accounts were liquidated, with the amount of the funds at issue, $349,948.50, transferred to the bank account of Onyx Foundation. *Id.* ¶ 46. Plaintiff also contends that numerous purchases, transfers, and withdrawals of Plaintiff's funds were made by Defendants, including the purchase of or mortgage payments made on several parcels of land. *See id.* ¶¶ 48-53, 55-61, 63-64, 67, 69-70, 73, 75, 78, 81-83, 86, 91, 97-100, 102, 104, 110, 113-119.

Plaintiff further alleges that on October 7, 2020, Ream Jr. and Stevens were contacted by an investigator working for the Multnomah County Department of Human Services. The investigator was following up on a report of suspected financial elder abuse concerning Stevens's liquidation of Plaintiff's investment and retirement accounts. *Id.* ¶ 65. Plaintiff asserts that Ream Jr. and Stevens falsely told the investigator that the accounts had been liquidated because they were not earning enough investment income, and that Stevens falsely told the investigator that Plaintiff's funds were still intact and had not been spent. *Id.*

On November 15, 2021, a Multnomah County grand jury indicted Stevens for two counts of aggravated theft and two counts of criminal mistreatment. *Id.* ¶ 92. According to Plaintiff, on November 25, 2021, Stevens forged Plaintiff's signature on restitution form, checking the box that indicated "I am not requesting restitution." *Id.* ¶ 93. On March 1, 2023, a Multnomah County jury found Stevens guilty on all counts, and on April 21, 2023, Stevens was sentenced to 29 months in prison. *Id.* ¶¶ 107, 112.

On March 30, 2023, Plaintiff filed a lawsuit in Oregon state court against Stevens, the Reams, Zirbel, Raw Foundation, Onyx Foundation, Skyview Foundation, and NWRN Foundation, alleging financial abuse of a vulnerable person and fraudulent conveyance. *Id.* ¶ 109. On April 19, 2023, Plaintiff included Alpha Foundation as an additional defendant. *Id.* ¶ 111. Approximately one year later, on March 5, 2024, Plaintiff voluntarily dismissed her state court lawsuit (ECF 31-19) and filed this action in federal court.

## DISCUSSION

### A. Motion for a More Definite Statement

Plaintiff moves for a more definite statement of the "Waiver and Estoppel" affirmative defense asserted by the Foundation Defendants. The affirmative defense states: "Plaintiff waived any claims against Foundation Defendants. Alternatively, Plaintiff is estopped from asserting any claims against Defendants." ECF 34 ¶ 6. Plaintiff argues that this affirmative defense is so vague as to not constitute fair notice. The Foundation Defendants do not dispute that their affirmative defense is vague but instead assert that they "are not at this time prepared to make more definite and certain the allegations in the Waiver and Estoppel defense." ECF 45 at 5. The Court finds this response to be insufficient. The Court orders that within two weeks from the date of this Opinion and Order, the Foundation Defendants shall file a document that either states that they

withdraw their Waiver and Estoppel affirmative defense or shall provide sufficient factual detail for that defense.

## B. Motion for Partial Judgment on the Pleadings

Plaintiff moves for judgment on the pleadings against the statute of limitations ("SOL") affirmative defense asserted by the Foundation Defendants, Zirbel, and NWRN Foundation. The parties do not dispute that the relevant statutes of limitations for Plaintiff's claims are four years for her fraudulent conveyance and federal RICO claims, five years for her ORICO claim, and seven years for her elder financial abuse claim. *See* ORS § 95.280 (fraudulent conveyance); *Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143, 156 (1987) (federal RICO); ORS § 166.725(11) (ORICO); ORS § 124.130 (financial abuse of a vulnerable person).

Plaintiff asserts that although her Complaint alleges facts beginning in 2018, she did not suffer any injury until May 29, 2020, and the lawsuit was filed on March 5, 2024. From this, Plaintiff contends that any SOL affirmative defense is necessarily without merit. The Defendants asserting the SOL affirmative defense argue that Plaintiff alleges wrongs that occurred more than four years before she filed her Complaint, including allegations that NWRN Foundation was established on March 5, 2018, in furtherance of a conspiracy. Plaintiff also alleges a series of transactions in 2019 that the relevant Defendants argue are part of her injury.

Under federal RICO, the statute of limitations begins to run when the plaintiff discovers her injury. *Rotella v. Wood*, 528 U.S. 549, 555 (2000); *see also Grimmett v. Brown*, 75 F.3d 506, 512 (9th Cir. 1996) ("[A] civil RICO cause of action arises when the plaintiff knows or should have known that she has been injured."). The responding Defendants argue that Plaintiff's injury derived from acts that she alleges occurred on or about July 5, 2019, more than four years before she filed the Complaint. Although Plaintiff alleges some conduct in furtherance of the alleged conspiracy beginning in July 2019, she does not allege any theft of funds or property until

PAGE 9 – OPINION AND ORDER

May 29, 2020. Compl. ¶ 43. Based on these allegations, Plaintiff could not have *discovered her injury* until May 29, 2020, at the earliest, and the statute of limitations does not bar her federal RICO claim.

Plaintiff's ORICO claim under ORS §§ 166.715 to 166.735 has a five-year statute of limitations that begins "after the conduct in violation of a provision of ORS 166.715 to 166.735 terminates or the cause of action accrues." ORS § 166.725(11). Oregon state courts have interpreted this provision as meaning that "an action can be brought within five years of the last act that violated the ORICO." *Htaike v. Sein*, 269 Or. App. 284, 302 (2015). The last alleged act violating ORICO occurred on June 12, 2023. Compl. ¶ 129(f). This is within the five-year statute of limitations; thus, Plaintiff's ORICO claim are not time barred.

Finally, a fraudulent conveyance claim under ORS § 95.230(1)(a) must be brought "within four years after the transfer was made or the obligation was incurred or, if later, within one year after the transfer or obligation was or could reasonably have been discovered by the claimant." ORS § 95.280(1). Claims under ORS § 95.230(1)(b) or ORS § 95.240(1) must be brought "within four years after the transfer was made or the obligation was incurred." ORS § 95.280(2). Plaintiff alleges a series of fraudulent conveyances made between April 6, 2021, and June 12, 2023. Compl. ¶¶ 91, 97-100, 102, 110, 113-119. These transfers are all within the applicable four-year statute of limitations for fraudulent conveyance claims in Oregon.

The Court has construed the facts in the light most favorable to the responding Defendants who have asserted a SOL defense and has concluded that the statute of limitations does not provide a legal defense under the circumstances alleged by Plaintiff. Accordingly, the Court grants Plaintiff's motion for partial judgment on the pleadings against the SOL defense.

### C. Motion to Strike "Reservation" Affirmative Defense

Plaintiff moves to strike the Foundation Defendants' affirmative defense stating that they reserve the right to modify, amend, add, or delete affirmative defenses. Plaintiff argues that "reservation" is not a recognized affirmative defense. *See, e.g.*, *Hadar v. Wilson*, 2011 WL 2600442, at *10 (D. Or. June 28, 2011) ("[T]here is no basis in the Federal Civil Procedure Rules for 'reserving' unasserted and unsupported affirmative defenses as to which plaintiffs lack any particularized notice."); *Redwind v. W. Union, LLC*, 2019 WL 7039966, at *3 (D. Or. Nov. 19, 2019) (holding that reservation "is not a proper affirmative defense"), *report and recommendation adopted*, 2019 WL 6971038 (D. Or. Dec. 17, 2019). The Foundation Defendants do not respond to this argument. Generally, the failure to respond to an argument on its merits is grounds for deeming that argument abandoned or conceded. *See Ramirez v. Ghilotti Bros. Inc.*, 941 F. Supp. 2d 1197, 1210 & n.7 (N.D. Cal. 2013) (collecting cases holding that a party concedes an argument by failing to respond to it); *Angeles v. U.S. Airways, Inc.*, 2013 WL 622032, at *4 (N.D. Cal. Feb. 19, 2013) ("The failure to respond amounts to a concession."). The Court agrees that "reservation" is not a proper affirmative defense and strikes this affirmative defense.

### D. Motion to Strike Contributory Negligence Affirmative Defense

Plaintiff moves to strike Zirbel and NWRN Foundation's affirmative defense of contributory negligence. Plaintiff argues that contributory negligence is a defense only to actions sounding in negligence and that Plaintiff has alleged no claim sounding in negligence. Zirbel and NWRN Foundation respond that under Oregon law, when a defendant contends that the plaintiff was at fault for their own damages, the defendant must affirmatively plead comparative or contributory negligence.

PAGE 11 – OPINION AND ORDER

The case that Zirbel and NWRN Foundation cite for this proposition, *Lasley v. Combined Transport, Inc.*, 351 Or. 1 (2011), involves a cause of action sounding in negligence. Plaintiff alleges only claims that require at least knowing conduct: RICO and ORICO violations, elder financial abuse, and fraudulent conveyance. Zirbel and NWRN Foundation point to Plaintiff's allegation in the Complaint that Defendants "fail[ed] to act under circumstances in which a reasonable person should have known of the financial abuse," Compl. ¶ 139, as establishing a negligence standard for Plaintiff's financial abuse of a vulnerable person claim. Financial abuse of a vulnerable person, however, requires a "knowing" mental state.

Under ORS § 124.100(5), an action may be brought only if the person "knowingly acts or fails to act under circumstances in which a reasonable person should have known of the physical or financial abuse." The Oregon Supreme Court has explained that this statute

> refers to two different mental states, one referring to actual knowledge and the other to constructive knowledge. The former refers to a defendant's act or failure to act. The latter refers to the circumstances in which that act or failure to act occurs. . . . So, for example, ORS 124.100(5) applies if an employer such as [defendant] knowingly (as opposed to, say, inadvertently) schedules an employee to work on an ambulance run under circumstances in which a reasonable person should have known that the sort of abuse inflicted on the plaintiff would occur.

*Wyers v. Am. Med. Response Nw., Inc.*, 360 Or. 211, 230 (2016). Thus, a defendant must act knowingly, not negligently, and the alleged claim does not sound in negligence.

Here, Zirbel and NWRN Foundation do not argue that Plaintiff's other causes of action require a negligence standard, but instead argue that if they can prove that Plaintiff, co-defendants, or third parties were negligent, it would be a complete defense to Plaintiff's fraud-based claims. Although they are correct that if Plaintiff fails to prove knowledge and intent, she will not prevail on her claims, this does not mean that contributory negligence serves as an

affirmative defense to intentional conduct. The Court thus strikes Zirbel and NWRN Foundation's contributory negligence affirmative defense.

### E. Motion to Dismiss Counterclaim

The Foundation Defendants assert a counterclaim based on Plaintiff's filing of several Notices of *Lis Pendens*. These Defendants allege that these filings violate their constitutional rights. Plaintiff moves to dismiss this counterclaim for failure to state a claim or, in the alternative, to make that counterclaim more definite under Rule 12(e). The Foundation Defendants allege that Olson, on behalf of Plaintiff, prepared seven documents purporting to give notice that Plaintiff claimed an interest in real property owned by the Foundation Defendants and NWRN Foundation. ECF 34 ¶ 10. The Foundation Defendants further contend that Olson filed these notices with the County Recorder for Clackamas County. *Id.* ¶ 11. The Foundation Defendants argue that by doing so, Olson—and Plaintiff—unlawfully encumbered the noticed properties, thereby depriving the Foundation Defendants of property without due process of law. *Id.* Plaintiff responds that the *lis pendens* were lawfully filed under ORS § 93.740.

A constitutional due process violation may be asserted against a private actor only if the private actor committed the violation through state action. *See Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 937 (1982) ("[T]he conduct allegedly causing the deprivation of a federal right [must] be fairly attributable to the State."). Plaintiff is a private actor, but the Foundation Defendants argue that the "state action" was performed by the County Clerk in recording the *lis pendens*, and that Plaintiff, together with the County Clerk, placed an encumbrance on the Foundation Defendants' property. By filing a *lis pendens* pursuant to a state statute, however, Plaintiff was not engaged in state action. There is no indication that Plaintiff's action was anything more than filing documents with a government employee. Just as "merely resorting to the courts . . . does

PAGE 13 – OPINION AND ORDER

not make a party a co-conspirator or a joint actor with the judge," *Dennis v. Sparks*, 449 U.S. 24, 28 (1980), merely filing a document pursuant to a state statute does not make a party a co-conspirator with the State.

The Foundation Defendants also assert in their response brief that recording the *lis pendens* notices was unlawful under 42 U.S.C. § 1983. A claim under § 1983, however, also requires that a defendant, while acting under color of state law, caused a deprivation of the plaintiff's federal rights. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Taylor v. List*, 880 F.2d 1040, 1046 (9th Cir. 1989). Because Plaintiff is not a state actor, the Foundation Defendants cannot bring a § 1983 claim against her. The Court dismisses this counterclaim to the extent that it asserts a violation of the counterclaimants' constitutional rights.

Finally, the Foundation Defendants appear to argue in their response that ORS § 93.740 is unconstitutional. The Foundation Defendants, however, did not allege that the statute is unconstitutional in their counterclaim and thus may not now rely on this argument. New facts or argument raised in a response to a motion to dismiss are immaterial. *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint [or counterclaim] to . . . moving papers, such as a memorandum in opposition to a . . . motion to dismiss.").

Additionally, as Plaintiff notes in her reply, if the Foundation Defendants intend to challenge the constitutionality of a state statute, they must file a notice of constitutional question with an Oregon State agency or one of its officers or employees in an official capacity and serve their counterclaim on the Oregon Attorney General. *See* Fed. R. Civ. P. 5.1. The Foundation Defendants have not alleged that they have followed this procedural requirement. For all these reasons, the Court dismisses the counterclaim asserted by the Foundation Defendants.

## CONCLUSION

The Court GRANTS the entirety of Plaintiff's FRCP 12 Motions Against Defendants' Affirmative Defenses and Counterclaim. ECF 42. If any party desires to file an amended pleading, that party, after conferring with all affected opposing parties, may file a motion for leave to amend pursuant to Rule 15 of the Federal Rules of Civil Procedure and all applicable Local Rules.

**IT IS SO ORDERED**.

DATED this 14th day of November, 2024.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge