UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ESTATE OF CORALIE JANE STEVENS, by and through Erin K. Olson, its duly-appointed Personal Representative,<br><br>Plaintiff-Judgment Creditor,<br><br>v.<br><br>NICOLE MARIE STEVENS, WESLEY ALLEN REAM, JR., WESLEY ALLEN REAM, SR., MATHEW DEAN ZIRBEL, ALPHA FOUNDATION, RAW FOUNDATION, ONYX FOUNDATION, SKYVIEW FOUNDATION, NWRN FOUNDATION, COBALT FOUNDATION, TRICK FOUNDATION, and FACE REALITIES FOUNDATION,<br><br>Defendants-Judgment Debtors. | Case No.: 3:24-cv-00411-SI<br><br><br>**DECLARATION OF ERIN K. OLSON IN SUPPORT OF OPPOSITION TO MOTION FOR TEMPORARY RESTRAINING ORDER** |

I, Erin K. Olson, declare under penalty of perjury:

1. I am the duly-appointed personal representative of the estate of Coralie Jane Steven, and I make this declaration from personal knowledge.

2. I ran the names "Raw Foundation," "Face Realities Foundation," "Cobalt Foundation," and "Trick Foundation" through the "Tax Exempt Organization Search Tool" on the Internal Revenue Service's website at https://www.irs.gov/charities-non-profits/tax-exempt-organization-search, on June 7, 2026, and none of those listed is an Oregon entity.

3. I conducted Business Name Searches of "Raw Foundation," "Face Realities Foundation," "Cobalt Foundation," and "Trick Foundation" in the Oregon Secretary of State

**Page 1 – DECLARATION OF ERIN K. OLSON IN SUPPORT OF OPPOSITION TO MOTION FOR TEMPORARY RESTRAINING ORDER**

Corporation Division's website at https://sos.oregon.gov/business/Pages/find.aspx, on June 7, 2026, there are no entries for those entities. ("NOTE:  There is an entry for "The Cobalt Foundation," but none of the names or addresses associated with that organization are related to Ream Defendants.).

4.     I have searched the Oregon Attorney General's database of charitable organizations at https://justice.oregon.gov/charities for "Raw Foundation," "Face Realities Foundation," "Cobalt Foundation," and "Trick Foundation, on June 7, 2026, and none is registered with the State of Oregon.

5.     Attached hereto as Exhibit 1 is a true copy of a title report for S. Macksburg Road, Molalla, OR 97038, Tax Map ID 52E03A01401, which I obtained from Fidelity National Title.

6.     Attached hereto as Exhibit 2 is a true copy of a title report for S. Macksburg Road, Molalla, OR 97038, Tax Map ID 52303A01402, which I obtained from Fidelity National Title.

7.     Attached hereto as Exhibit 3 is a true copy of a title report for S. Macksburg Road, Molalla, OR 97038, Tax Map ID 52E03A01403, which I obtained from Fidelity National Title.

8.     Attached hereto as Exhibit 4 is a true copy of a title report for S. Macksburg Road, Molalla, OR 97038, Tax Map ID 52E03A02000, which I obtained from Fidelity National Title.

9.     Attached hereto as Exhibit 5 is a true copy of a title report for 1011 W. Main Street, Molalla, OR 97038, Tax Map ID 52E08BC08703, which I obtained from Fidelity National Title.

**Page 2 – DECLARATION OF ERIN K. OLSON IN SUPPORT OF OPPOSITION TO MOTION FOR TEMPORARY RESTRAINING ORDER**

10.     Attached hereto as Exhibit 6 is a true copy of the Supplemental Judgment for Restitution entered in *State v. Nicole Marie Stevens*, Multnomah County Case No. 21CR55764 (August 1, 2023).

11.     Attached hereto as Exhibit 7 is a true copy of Judgment entered in *State v. Nicole Marie Stevens*, Multnomah County Case No. 21CR55764 (May 1, 2023).

12.     Attached hereto collectively as Exhibit 8 are true copies of a receipt and cashier's check I received from OnPoint Credit Union pursuant to a subpoena *duces tecum*.

13.     Attached hereto as Exhibit 9 is a true copy of a settlement statement I received from First American Title pursuant to a subpoena *duces tecum*.

14.     Attached hereto as Exhibit 10 is a "Lien Record Abstract" and attached "Final Order" recorded April 29, 2026, that I obtained from the Clackamas County Recorder's Office.

15.     In filing this declaration, I realized that my declaration of June 6, 2026 [DOC 77], did not include the declaratory paragraph at the end that appears below, and I reaffirm that my statements made in that declaration were made under penalty of perjury under the laws of the United States and were true and correct.

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

DATED:  June 7, 2026.

_____
Erin K. Olson, OSB 934776
Personal Representative,
Estate of Coralie Jane Stevens

**Page 3 – DECLARATION OF ERIN K. OLSON IN SUPPORT OF OPPOSITION TO MOTION FOR TEMPORARY RESTRAINING ORDER**

**EXHIBIT 1**
**Page 1 of 7**



Fidelity National Title Company of Oregon
1455 SW Broadway, Suite 1450
(503)646-4444

**OWNERSHIP AND MONETARY ENCUMBRANCES REPORT WITH GENERAL INDEX LIENS**
Informational Report of Ownership and Monetary Encumbrances

**To ("Customer"):**  Law Office of Erin Olson, P.C.
1631 NE Broadway St, #816
Portland, OR 97232

**Customer Ref.:**  _____
**Order No.:**  45142508837
**Effective Date:**  September 2, 2025 at 08:00 AM
**Charge:**  $100.00

The information contained in this report is furnished by Fidelity National Title Company of Oregon (the "Company") as a real property information service based on the records and indices maintained by the Company for the county identified below.   THIS IS NOT TITLE INSURANCE OR A PRELIMINARY TITLE REPORT FOR, OR COMMITMENT FOR, TITLE INSURANCE.  No examination has been made of the title to the herein described property, other than as specifically set forth herein.  Liability for any loss arising from errors and/or omissions is limited to the lesser of the charge or the actual loss, and the Company will have no greater liability by reason of this report.   THIS REPORT IS SUBJECT TO THE LIMITATIONS OF LIABILITY STATED BELOW, WHICH LIMITATIONS OF LIABILITY ARE A PART OF THIS REPORT.

**THIS REPORT INCLUDES ONLY MONETARY ENCUMBRANCES.**

### Part One - Ownership and Property Description

**Owner.**  The apparent vested owner of the property ("the Property") as of the Effective Date is:

Mathew Zirbel

**Premises.**  The Property is:

**(a)  Street Address:**

S. Macksburg Road, Molalla, OR 97038

**(b)  Legal Description:**

SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF

Fidelity National Title Company of Oregon
Order No. 45142508837

**EXHIBIT 1**
**Page 2 of 7**

**Part Two - Monetary Encumbrances**

**Monetary Encumbrances**.  As of the Effective Date, the Property appears subject to the following monetary encumbrances of record, not necessarily listed in order of priority, including liens specific to the subject property and general index liens (liens that are not property specific but affect any real property of the named person in the same county):

EXCEPTIONS

SPECIFIC ITEMS AND EXCEPTIONS:

1.    Property taxes in an undetermined amount, which are a lien but not yet payable, including any assessments collected with taxes to be levied for the fiscal year 2025-2026.

2.    The Land has been classified as Forest and Farm land, as disclosed by the tax roll.  If the Land becomes disqualified, said Land may be subject to additional taxes and/or penalties.

3.    A Deed:

| | |
|---|---|
| From: | Matt Zirbel |
| To: | RAW FOUNDATION |
| Dated: | July 17, 2019 |
| Recording Date: | July 18, 2019 |
| Recording No: | 2019-041630 |

For insurance purposes, the Company is not willing to divest the interest of the following party(ies):

Party(ies):          Matt Zirbel

4.    Any loss, liability or adverse claim that may arise in the event that RAW FOUNDATION is not an entity capable of holding title in Oregon and/or any claim that may arise from the parties claiming an interest in or ownership of said entity.

5.    Effect, if any, of that Bargain and Sale Deed
From: Raw Foundation
To: Face Realities FOUNDATION
Recording Date: June 7, 2023
Recording No: 2023-019191

6.    Any loss, liability or adverse claim that may arise in the event that Face Realities Foundation is not an entity capable of holding title in Oregon and/or any claim that may arise from the parties claiming an interest in or ownership of said entity.

Fidelity National Title Company of Oregon
Order No. 45142508837

**EXHIBIT 1**
**Page 3 of 7**

7.      A judgment for the amount shown below, and any other amounts due, entered in the United States District Court:

Amount:             $1,200,000.00
Debtor:             Nicole Marie Stevens, now known as Nicole Marie Ream, Wesley Allen Ream, Jr., Wesley Allen Ream, Sr., Mathew Dean Zirbel, Alpha Foundation, Raw Foundation, Onyx Foundation, Skyview Foundation, NWRN Foundation, Cobalt Foundation, Trick Foundation, Face Realities Foundation

Creditor:           Coralie Jane Stevens, by and through Erin K. Olson, her duly-appointed conservator
Date entered:       July 9, 2025
District:           Portland Division, State of Oregon
Case No:            3:24-cv-00411-SI
Recording Date:     July 22, 2025
Recording No:       2025-027970

8.      A judgment, for the amount shown below, and any other amounts due:

Amount:             $1,200,244.00 plus interest
Debtor:             Wesley Allen Ream, Matthew Dean Zirbel, Alpha Foundation, Raw Foundation, Onyx Foundation, Skyview Foundation, NWRN Foundation, Cobalt Foundation, Trick Foundation, Face Realities Foundation
Creditor:           Coralie Jane Stevens
Date entered:       August 20, 2025
County:             Clackamas
Court:              Circuit
Case No.:           25CV45921

9.      Please be advised that our search did not disclose any open Deeds of Trust of record.  If you should have knowledge of any outstanding obligation, please contact the Title Department immediately for further review.

10.     Existing leases and tenancies, if any, and any interests that may appear upon examination of such leases.

11.     Discrepancies and inconsistencies in the historical legal descriptions and any interests arising therefrom.

**End of Liens & Encumbrances**

Note: Property taxes for the fiscal year shown below are paid in full.

Fiscal Year:        2024-2025
Amount:             $208.93
Levy Code:          035.013
Account No.:        05035426
Map No.:            52E03A 01401

**<u>End of Reported Information</u>**

There will be additional charges for additional information or copies.  For questions or additional requests, contact:

Julie Davis
503-336-9132
julie.davis@titlegroup.fntg.com

Informational Report of Ownership and Monetary Encumbrances
(Ver. 20161024)

**EXHIBIT 1**
**Page 4 of 7**

**EXHIBIT "A"**
Legal Description

**For APN/Parcel ID(s):  05035426**
**For Tax Map ID(s):     52E03A01401**

All that land remised, released and quitclaimed to Wesley Ream by special warranty deed recorded as Document No. 2019-014099, Clackamas County Deed Records, situated in Government Lot 1 in the Northeast one-quarter of Section 3, Township 5 South, Range 2 East of the Willamette Meridian, Clackamas County, Oregon, said land surveyed and filed as Record of Survey No. 2018-246, Clackamas County Survey Records and more particularly described as follows:

BEGINNING at a five-eighths inch diameter road with a yellow plastic cap marked "LS 1015' found at the Northeast corner of that tract of land described in Document No. 2003-013351, Clackamas County Deed Records, from which a three and one-quarter inch diameter bronze disk found at the North one-quarter corner of said Section 3 bears North 89°40'24" West, 665.44 feet; THENCE from said iron rod, South 28°47'55" East along the East line of said Document No. 2003-013351 tract, 762.10 feet to a five-eighths inch diameter by 30 inch long iron rod with a yellow plastic cap marked "TOWNSHIP SURVEYS" set at the Southeast corner of said tract; THENCE North 86°50'11" West along the South line of said Document No. 2003-013351 tract, 317.82 feet to a five-eighths inch diameter rod with a yellow plastic cap marked 'LS 1015' found at an angle point in said South line; THENCE North 85°04'20" West along the South line of said tract, 76.24 feet to a five-eighths inch diameter by 30 inch long iron rod with a yellow plastic cap marked 'TOWNSHIP SURVEYS' set at the Northeast corner of that tract of land described in Document No. 2018-023476, Clackamas County Deed Records; THENCE South 9°51'16" West along the East line of said Document No. 2018-023476 tract, 26.45 feet to a five-eighths inch diameter by 30 inch long iron rod with a yellow plastic cap marked 'TOWNSHIP SURVEYS' set at a point of curvature in said East line; THENCE 31.76 feet along the arc of a 56.34 foot radius curve to the right, having a delta of 32°18'00" and a chord of 31.34 feet which bears South 26°00'16" West to a five-eighths inch diameter by 30 inch long iron rod with a yellow plastic cap marked 'TOWNSHIP SURVEYS' set at a point of compound curvature in said East line; THENCE 62.12 feet along the arc of a 257.30 foot radius curve to the right, having a delta of 13°50'00" and a chord of 61.97 feet which bears South 49°04'16" West to a five-eighths inch diameter by 30 inch long iron rod with a yellow plastic cap marked 'TOWNSHIP SURVEYS' set at a point of tangency in said East line; THENCE South 55°59'16" West along said East line, 61.50 feet to a five-eighths inch diameter by 30 inch long iron rod with a yellow plastic cap marked 'TOWNSHIP SURVEYS' set at a point of curvature in said East line; THENCE 57.65 feet along the arc of a 271.88 foot radius curve to the left, having a delta of 12°09'00" and a chord of 57.55 feet which bears South 49°54'46" West to a five-eighths inch diameter by 30 inch long iron rod with a yellow plastic cap marked 'TOWNSHIP SURVEYS' set at a point of tangency in said East line; THENCE South 43°50'16" West along said East line, 96.40 feet to the center of a creek, being the most Northerly corner of that tract of land described in Document No. 2018-022612, Clackamas County Deed Records; THENCE South 36°33'04" East along the center of said creek, 99.77 feet to a change in the direction thereof; THENCE South 48°07'47" East along the center of said creek, 14.70 feet to a change in the direction thereof; THENCE South 27°41'51" East along the center of said creek, 18.78 feet to a change in the direction thereof; THENCE South 56°02'33" East along the center of said creek and the Southeasterly prolongation thereof, 222.82 feet to a five-eighths inch diameter by 30 inch long iron rod with a yellow plastic cap marked 'TOWNSHIP SURVEYS' set at the most Easterly corner of said Document No. 2018-022612 tract, said corner also being the most Easterly corner of that tract of land described in Book 446, Page 721, Clackamas County Deed Records; THENCE South 82°11'55" West along the Southeasterly line of said Document No. 2018-022612 tract, 144.52 feet to a five-eighths inch diameter by 30 inch long iron rod with a yellow plastic cap marked 'TOWNSHIP SURVEYS' set at an angle point in said Southeasterly line; THENCE South 44°26'21" West along said Southeasterly line, 20.00 feet to a five-eighths inch diameter by 30 inch long iron rod with a yellow plastic cap marked 'TOWNSHIP SURVEYS' set at the most Southerly corner of said Document No. 2018-022612 tract, said corner being on the Northeasterly line of that tract of land described in Document No. 2017-052892, Clackamas County Deed Records; THENCE South 45°33'39" East along said Northeasterly line, 414.34 feet to a stone with 'X' found at the most Westerly corner of that tract of land described in Document No. 2006-059273, Clackamas County Deed Records; THENCE South 89°20'27" East along the most Westerly North line of said Document No. 2006-059273  tract, 491.84 feet to a five-eighths inch diameter iron rod with a yellow plastic cap marked 'LOVE LAND SURVEYS, INC.' found at the Southwest corner of the Northeast one-quarter of the Northeast one-quarter of said Section 3; THENCE North 0°19'31" East, along the West line of the Northeast one-quarter of the Northeast one-quarter of said Section 3, a distance of 886.59 feet to the most Southerly corner of Parcel 2, PARTITION PLAT NO. 1996-058; THENCE

Informational Report of Ownership and Monetary Encumbrances
(Ver. 20161024)

**EXHIBIT "A"**
Legal Description

**EXHIBIT 1**
**Page 5 of 7**

North 28°46'12" West along the Southwesterly line of said Parcel 2, a distance of 629.43 feet to a point on the North line of said Section 3; THENCE North 89°40'24" West along said North line, 343.43 feet to the PLACE OF BEGINNING.

EXCEPTING THEREFROM that portion described in Quitclaim Deed recorded July 25, 2019, Document No. 2019-043361.

**EXHIBIT 1**
**Page 6 of 7**

Fidelity National Title Company of Oregon
Order No. 45142508837

## LIMITATIONS OF LIABILITY

"CUSTOMER" REFERS TO THE RECIPIENT OF THIS REPORT.

CUSTOMER EXPRESSLY AGREES AND ACKNOWLEDGES THAT IT IS EXTREMELY DIFFICULT, IF NOT IMPOSSIBLE, TO DETERMINE THE EXTENT OF LOSS WHICH COULD ARISE FROM ERRORS OR OMISSIONS IN, OR THE COMPANY'S NEGLIGENCE IN PRODUCING, THE REQUESTED REPORT, HEREIN "THE REPORT." CUSTOMER RECOGNIZES THAT THE FEE CHARGED IS NOMINAL IN RELATION TO THE POTENTIAL LIABILITY WHICH COULD ARISE FROM SUCH ERRORS OR OMISSIONS OR NEGLIGENCE. THEREFORE, CUSTOMER UNDERSTANDS THAT THE COMPANY IS NOT WILLING TO PROCEED IN THE PREPARATION AND ISSUANCE OF THE REPORT UNLESS THE COMPANY'S LIABILITY IS STRICTLY LIMITED. CUSTOMER AGREES WITH THE PROPRIETY OF SUCH LIMITATION AND AGREES TO BE BOUND BY ITS TERMS

THE LIMITATIONS ARE AS FOLLOWS AND THE LIMITATIONS WILL SURVIVE THE CONTRACT:

ONLY MATTERS IDENTIFIED IN THIS REPORT AS THE SUBJECT OF THE REPORT ARE WITHIN ITS SCOPE. ALL OTHER MATTERS ARE OUTSIDE THE SCOPE OF THE REPORT.

CUSTOMER AGREES, AS PART OF THE CONSIDERATION FOR THE ISSUANCE OF THE REPORT AND TO THE FULLEST EXTENT PERMITTED BY LAW, TO LIMIT THE LIABILITY OF THE COMPANY, ITS LICENSORS, AGENTS, SUPPLIERS, RESELLERS, SERVICE PROVIDERS, CONTENT PROVIDERS AND ALL OTHER SUBSCRIBERS OR SUPPLIERS, SUBSIDIARIES, AFFILIATES, EMPLOYEES, AND SUBCONTRACTORS FOR ANY AND ALL CLAIMS, LIABILITIES, CAUSES OF ACTION, LOSSES, COSTS, DAMAGES AND EXPENSES OF ANY NATURE WHATSOEVER, INCLUDING ATTORNEY'S FEES, HOWEVER ALLEGED OR ARISING, INCLUDING BUT NOT LIMITED TO THOSE ARISING FROM BREACH OF CONTRACT, NEGLIGENCE, THE COMPANY'S OWN FAULT AND/OR NEGLIGENCE, ERRORS, OMISSIONS, STRICT LIABILITY, BREACH OF WARRANTY, EQUITY, THE COMMON LAW, STATUTE OR ANY OTHER THEORY OF RECOVERY, OR FROM ANY PERSON'S USE, MISUSE, OR INABILITY TO USE THE REPORT OR ANY OF THE MATERIALS CONTAINED THEREIN OR PRODUCED, **SO THAT THE TOTAL AGGREGATE LIABILITY OF THE COMPANY AND ITS AGENTS, SUBSIDIARIES, AFFILIATES, EMPLOYEES, AND SUBCONTRACTORS SHALL NOT IN ANY EVENT EXCEED THE COMPANY'S TOTAL FEE FOR THE REPORT.**

CUSTOMER AGREES THAT THE FOREGOING LIMITATION ON LIABILITY IS A TERM MATERIAL TO THE PRICE THE CUSTOMER IS PAYING, WHICH PRICE IS LOWER THAN WOULD OTHERWISE BE OFFERED TO THE CUSTOMER WITHOUT SAID TERM. CUSTOMER RECOGNIZES THAT THE COMPANY WOULD NOT ISSUE THE REPORT BUT FOR THIS CUSTOMER AGREEMENT, AS PART OF THE CONSIDERATION GIVEN FOR THE REPORT, TO THE FOREGOING LIMITATION OF LIABILITY AND THAT ANY SUCH LIABILITY IS CONDITIONED AND PREDICATED UPON THE FULL AND TIMELY PAYMENT OF THE COMPANY'S INVOICE FOR THE REPORT.

THE REPORT IS LIMITED IN SCOPE AND IS NOT AN ABSTRACT OF TITLE, TITLE OPINION, PRELIMINARY TITLE REPORT, TITLE REPORT, COMMITMENT TO ISSUE TITLE INSURANCE, OR A TITLE POLICY, AND SHOULD NOT BE RELIED UPON AS SUCH. THE REPORT DOES NOT PROVIDE OR OFFER ANY TITLE INSURANCE, LIABILITY COVERAGE OR ERRORS AND OMISSIONS COVERAGE. THE REPORT IS NOT TO BE RELIED UPON AS A REPRESENTATION OF THE STATUS OF TITLE TO THE PROPERTY. THE COMPANY MAKES NO REPRESENTATIONS AS TO THE REPORT'S ACCURACY, DISCLAIMS ANY WARRANTY AS TO THE REPORT, ASSUMES NO DUTIES TO CUSTOMER, DOES NOT INTEND FOR CUSTOMER TO RELY ON THE REPORT, AND ASSUMES NO LIABILITY FOR ANY LOSS OCCURRING BY REASON OF RELIANCE ON THE REPORT OR OTHERWISE.

Informational Report of Ownership and Monetary Encumbrances
(Ver. 20161024)

**EXHIBIT 1**
**Page 7 of 7**

Fidelity National Title Company of Oregon
Order No. 45142508837

IF CUSTOMER (A) HAS OR WILL HAVE AN INSURABLE INTEREST IN THE SUBJECT REAL PROPERTY, (B) DOES NOT WISH TO LIMIT LIABILITY AS STATED HEREIN AND (C) DESIRES THAT ADDITIONAL LIABILITY BE ASSUMED BY THE COMPANY, THEN CUSTOMER MAY REQUEST AND PURCHASE A POLICY OF TITLE INSURANCE, A BINDER, OR A COMMITMENT TO ISSUE A POLICY OF TITLE INSURANCE.  NO ASSURANCE IS GIVEN AS TO THE INSURABILITY OF THE TITLE OR STATUS OF TITLE.  CUSTOMER EXPRESSLY AGREES AND ACKNOWLEDGES IT HAS AN INDEPENDENT DUTY TO ENSURE AND/OR RESEARCH THE ACCURACY OF ANY INFORMATION OBTAINED FROM THE COMPANY OR ANY PRODUCT OR SERVICE PURCHASED.

NO THIRD PARTY IS PERMITTED TO USE OR RELY UPON THE INFORMATION SET FORTH IN THE REPORT, AND NO LIABILITY TO ANY THIRD PARTY IS UNDERTAKEN BY THE COMPANY.

CUSTOMER AGREES THAT, TO THE FULLEST EXTENT PERMITTED BY LAW, IN NO EVENT WILL THE COMPANY, ITS LICENSORS, AGENTS, SUPPLIERS, RESELLERS, SERVICE PROVIDERS, CONTENT PROVIDERS, AND ALL OTHER SUBSCRIBERS OR SUPPLIERS, SUBSIDIARIES, AFFILIATES, EMPLOYEES AND SUBCONTRACTORS BE LIABLE FOR CONSEQUENTIAL, INCIDENTAL, INDIRECT, PUNITIVE, EXEMPLARY, OR SPECIAL DAMAGES, OR LOSS OF PROFITS, REVENUE, INCOME, SAVINGS, DATA, BUSINESS, OPPORTUNITY, OR GOODWILL, PAIN AND SUFFERING, EMOTIONAL DISTRESS, NON-OPERATION OR INCREASED EXPENSE OF OPERATION, BUSINESS INTERRUPTION OR DELAY, COST OF CAPITAL, OR COST OF REPLACEMENT PRODUCTS OR SERVICES, REGARDLESS OF WHETHER SUCH LIABILITY IS BASED ON BREACH OF CONTRACT, TORT, NEGLIGENCE, THE COMPANY'S OWN FAULT AND/OR NEGLIGENCE, STRICT LIABILITY, BREACH OF WARRANTIES, FAILURE OF ESSENTIAL PURPOSE, OR OTHERWISE AND WHETHER CAUSED BY NEGLIGENCE, ERRORS, OMISSIONS, STRICT LIABILITY, BREACH OF CONTRACT, BREACH OF WARRANTY, THE COMPANY'S OWN FAULT AND/OR NEGLIGENCE OR ANY OTHER CAUSE WHATSOEVER, AND EVEN IF THE COMPANY HAS BEEN ADVISED OF THE LIKELIHOOD OF SUCH DAMAGES OR KNEW OR SHOULD HAVE KNOWN OF THE POSSIBILITY FOR SUCH DAMAGES.

END OF THE LIMITATIONS OF LIABILITY

**EXHIBIT 2**
**Page 1 of 7**



Fidelity National Title Company of Oregon
1455 SW Broadway, Suite 1450
(503)646-4444

**OWNERSHIP AND MONETARY ENCUMBRANCES REPORT WITH GENERAL INDEX LIENS**
Informational Report of Ownership and Monetary Encumbrances

**To ("Customer"):**  Law Office of Erin Olson, P.C.
1631 NE Broadway St, #816
Portland, OR 97232

| | |
|---|---|
| **Customer Ref.:** | _____ |
| **Order No.:** | 45142508851 |
| **Effective Date:** | September 2, 2025 at 08:00 AM |
| **Charge:** | $100.00 |

The information contained in this report is furnished by Fidelity National Title Company of Oregon (the "Company") as a real property information service based on the records and indices maintained by the Company for the county identified below.   THIS IS NOT TITLE INSURANCE OR A PRELIMINARY TITLE REPORT FOR, OR COMMITMENT FOR, TITLE INSURANCE.  No examination has been made of the title to the herein described property, other than as specifically set forth herein.  Liability for any loss arising from errors and/or omissions is limited to the lesser of the charge or the actual loss, and the Company will have no greater liability by reason of this report.   THIS REPORT IS SUBJECT TO THE LIMITATIONS OF LIABILITY STATED BELOW, WHICH LIMITATIONS OF LIABILITY ARE A PART OF THIS REPORT.

**THIS REPORT INCLUDES ONLY MONETARY ENCUMBRANCES.**

<u>**Part One - Ownership and Property Description**</u>

<u>**Owner.**</u>  The apparent vested owner of the property ("the Property") as of the Effective Date is:

Mathew Zirbel

<u>**Premises.**</u>  The Property is:

**(a)  Street Address:**

S. Macksburg Road, Molalla, OR 97038

**(b)  Legal Description:**

SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF

**EXHIBIT 2**
**Page 2 of 7**

Fidelity National Title Company of Oregon
Order No. 45142508851

## Part Two - Monetary Encumbrances

**Monetary Encumbrances**.  As of the Effective Date, the Property appears subject to the following monetary encumbrances of record, not necessarily listed in order of priority, including liens specific to the subject property and general index liens (liens that are not property specific but affect any real property of the named person in the same county):

EXCEPTIONS

SPECIFIC ITEMS AND EXCEPTIONS:

1.    Property taxes in an undetermined amount, which are a lien but not yet payable, including any assessments collected with taxes to be levied for the fiscal year 2025-2026.

2.    The Land has been classified as EFU Farmland, as disclosed by the tax roll.  If the Land becomes disqualified, said Land may be subject to additional taxes and/or penalties.

3.    A Deed:

| | |
|---|---|
| From: | Matt Zirbel |
| To: | NWRN Foundation |
| Dated: | Not dated |
| Recording Date: | July 25, 2019 |
| Recording No: | 2019-043361 |

For insurance purposes, the Company is not willing to divest the interest of the following party(ies):

Party(ies):        Matt Zirbel

4.    A Deed:

| | |
|---|---|
| From: | Raw Foundation |
| To: | NWRN Foundation |
| Dated: | Not dated |
| Recording Date: | November 15, 2019 |
| Recording No: | 2019-72431 |

For insurance purposes, the Company is not willing to divest the interest of the following party(ies):

Party(ies):        Raw Foundation

5.    Any loss, liability or adverse claim that may arise in the event that NWRN Foundation is not an entity capable of holding title in Oregon and/or any claim that may arise from the parties claiming an interest in or ownership of said entity.

6.    A Deed:

| | |
|---|---|
| From: | NWRN Foundation |
| To: | Skyview Foundation |
| Dated: | Not dated |
| Recording Date: | March 14, 2022 |
| Recording No: | 2022-015068 |

For insurance purposes, the Company is not willing to divest the interest of the following party(ies):

Party(ies):        NWRN Foundation

**EXHIBIT 2**
**Page 3 of 7**

Fidelity National Title Company of Oregon
Order No. 45142508851

7.  Any loss, liability or adverse claim that may arise in the event that Skyview Foundation is not an entity capable of holding title in Oregon and/or any claim that may arise from the parties claiming an interest in or ownership of said entity.

8.  A Deed:

From:           Skyveiw Foundation
To:             Cobalt FOUNDATION
Dated:
Recording Date:   June 6, 2023
Recording No:     2023-019089

For insurance purposes, the Company is not willing to divest the interest of the following party(ies):

Party(ies):       Skyveiw Foundation

9.  Any loss, liability or adverse claim that may arise in the event that Skyveiw Foundation and Cobalt FOUNDATION are not entities capable of holding title in Oregon and/or any claim that may arise from the parties claiming an interest in or ownership of said entities.

10. The interest, if any, of the grantee in the deed referenced below.  At the date of said deed the grantor(s) therein had no apparent record interest in said Land, nor have said grantor(s) subsequently acquired a record interest.

Grantor(s): Raw Foundation
Grantee: Face Realities FOUNDATION
Dated: Not dated
Recording Date: June 7, 2023
Recording No: 2023-019191

11. A judgment for the amount shown below, and any other amounts due, entered in the United States District Court:

Amount:           $1,200,000.00
Debtor:           Nicole Marie Stevens, now known as Nicole Marie Ream, Wesley Allen Ream, Jr., Wesley Allen Ream, Sr., Mathew Dean Zirbel, Alpha Foundation, Raw Foundation, Onyx Foundation, Skyview Foundation, NWRN Foundation, Cobalt Foundation, Trick Foundation, Face Realities Foundation

Creditor:         Coralie Jane Stevens, by and through Erin K. Olson, her duly-appointed conservator
Date entered:     July 9, 2025
District:         Portland Division, State of Oregon
Case No:          3:24-cv-00411-SI
Recording Date:   July 22, 2025
Recording No:     2025-027970:

Fidelity National Title Company of Oregon
Order No. 45142508851

**EXHIBIT 2**
**Page 4 of 7**

12.      A judgment, for the amount shown below, and any other amounts due:

Amount:              $1,200,244.00 plus interest
Debtor:              Wesley Allen Ream, Matthew Dean Zirbel, Alpha Foundation, Raw Foundation, Onyx
Foundation, Skyview Foundation, NWRN Foundation, Cobalt Foundation, Trick Foundation, Face
Realities Foundation
Creditor:            Coralie Jane Stevens
Date entered:        August 20, 2025
County:              Clackamas
Court:               Circuit
Case No.:            25CV45921

13.      Discrepancies and inconsistencies in the historical legal descriptions and any interests arising therefrom.

**End of Liens & Encumbrances**

Note: Property taxes for the fiscal year shown below are paid in full.

Fiscal Year:         2024-2025
Amount:              $1.73
Levy Code:           035-013
Account No.:         05038093
Map No.:             52E03A 01402

**End of Reported Information**

There will be additional charges for additional information or copies.  For questions or additional requests, contact:

Julie Davis
503-336-9132
julie.davis@titlegroup.fntg.com

**EXHIBIT 2**
**Page 5 of 7**

**EXHIBIT "A"**
Legal Description

**For APN/Parcel ID(s):   05038093**
**For Tax Map ID(s):     52303A01402**

A portion of that tract of land described by Deed Document No. 2019-072431, Clackamas County Deed Records, located in Government Lot 2 in the Northeast one quarter of Section 3, Township 5 South, Range 2 East of the Willamette Meridian in Clackamas County, Oregon, and which is more particularly described as follows:

Beginning at a one inch inside diameter iron pipe found at the most Easterly corner of the W.H. Vaughan Donation Land Claim No. 47; thence North 45°33'39" West along the Northeast line of said W.H. Vaughan Donation Land Claim, 2,121.22 feet to a nine inch by six inch stone with an "+" on top at the intersection of said Northeast line and the ninth line of the South one-half of the Northeast one-quarter of said Section 3, as determined by record survey SN 2011-040, Clackamas County Survey Records, thence South 89°20'27" East along the North line of the South one-half of the Northeast one-quarter of Section 3, a distance of 143.02 feet to the True Point of Beginning; thence continuing South 89°20'27" East along said North line of the South one-half of the Northeast one quarter of Section 3, a distance of 348.82 feet to a five-eighths inch diameter iron rod with a yellow plastic cap marked "LOVELAND SURVEYS, INC." at the midpoint of said North line of the South one-half of the Northeast one-quarter of Section 3; thence North 00°19'31" East along the East line of said Document No. 2019-072431 tract, 61.69 feet; thence North 45°33'39" West along the Northeast line of said Document No. 2019-072431 tract, 208.90 feet; thence South 44°26'21" West, 285.63 feet to the True Point of Beginning.

**EXHIBIT 2**
**Page 6 of 7**

Fidelity National Title Company of Oregon
Order No. 45142508851

## LIMITATIONS OF LIABILITY

"CUSTOMER" REFERS TO THE RECIPIENT OF THIS REPORT.

CUSTOMER EXPRESSLY AGREES AND ACKNOWLEDGES THAT IT IS EXTREMELY DIFFICULT, IF NOT IMPOSSIBLE, TO DETERMINE THE EXTENT OF LOSS WHICH COULD ARISE FROM ERRORS OR OMISSIONS IN, OR THE COMPANY'S NEGLIGENCE IN PRODUCING, THE REQUESTED REPORT, HEREIN "THE REPORT." CUSTOMER RECOGNIZES THAT THE FEE CHARGED IS NOMINAL IN RELATION TO THE POTENTIAL LIABILITY WHICH COULD ARISE FROM SUCH ERRORS OR OMISSIONS OR NEGLIGENCE. THEREFORE, CUSTOMER UNDERSTANDS THAT THE COMPANY IS NOT WILLING TO PROCEED IN THE PREPARATION AND ISSUANCE OF THE REPORT UNLESS THE COMPANY'S LIABILITY IS STRICTLY LIMITED. CUSTOMER AGREES WITH THE PROPRIETY OF SUCH LIMITATION AND AGREES TO BE BOUND BY ITS TERMS

THE LIMITATIONS ARE AS FOLLOWS AND THE LIMITATIONS WILL SURVIVE THE CONTRACT:

ONLY MATTERS IDENTIFIED IN THIS REPORT AS THE SUBJECT OF THE REPORT ARE WITHIN ITS SCOPE. ALL OTHER MATTERS ARE OUTSIDE THE SCOPE OF THE REPORT.

CUSTOMER AGREES, AS PART OF THE CONSIDERATION FOR THE ISSUANCE OF THE REPORT AND TO THE FULLEST EXTENT PERMITTED BY LAW, TO LIMIT THE LIABILITY OF THE COMPANY, ITS LICENSORS, AGENTS, SUPPLIERS, RESELLERS, SERVICE PROVIDERS, CONTENT PROVIDERS AND ALL OTHER SUBSCRIBERS OR SUPPLIERS, SUBSIDIARIES, AFFILIATES, EMPLOYEES, AND SUBCONTRACTORS FOR ANY AND ALL CLAIMS, LIABILITIES, CAUSES OF ACTION, LOSSES, COSTS, DAMAGES AND EXPENSES OF ANY NATURE WHATSOEVER, INCLUDING ATTORNEY'S FEES, HOWEVER ALLEGED OR ARISING, INCLUDING BUT NOT LIMITED TO THOSE ARISING FROM BREACH OF CONTRACT, NEGLIGENCE, THE COMPANY'S OWN FAULT AND/OR NEGLIGENCE, ERRORS, OMISSIONS, STRICT LIABILITY, BREACH OF WARRANTY, EQUITY, THE COMMON LAW, STATUTE OR ANY OTHER THEORY OF RECOVERY, OR FROM ANY PERSON'S USE, MISUSE, OR INABILITY TO USE THE REPORT OR ANY OF THE MATERIALS CONTAINED THEREIN OR PRODUCED, **SO THAT THE TOTAL AGGREGATE LIABILITY OF THE COMPANY AND ITS AGENTS, SUBSIDIARIES, AFFILIATES, EMPLOYEES, AND SUBCONTRACTORS SHALL NOT IN ANY EVENT EXCEED THE COMPANY'S TOTAL FEE FOR THE REPORT.**

CUSTOMER AGREES THAT THE FOREGOING LIMITATION ON LIABILITY IS A TERM MATERIAL TO THE PRICE THE CUSTOMER IS PAYING, WHICH PRICE IS LOWER THAN WOULD OTHERWISE BE OFFERED TO THE CUSTOMER WITHOUT SAID TERM. CUSTOMER RECOGNIZES THAT THE COMPANY WOULD NOT ISSUE THE REPORT BUT FOR THIS CUSTOMER AGREEMENT, AS PART OF THE CONSIDERATION GIVEN FOR THE REPORT, TO THE FOREGOING LIMITATION OF LIABILITY AND THAT ANY SUCH LIABILITY IS CONDITIONED AND PREDICATED UPON THE FULL AND TIMELY PAYMENT OF THE COMPANY'S INVOICE FOR THE REPORT.

THE REPORT IS LIMITED IN SCOPE AND IS NOT AN ABSTRACT OF TITLE, TITLE OPINION, PRELIMINARY TITLE REPORT, TITLE REPORT, COMMITMENT TO ISSUE TITLE INSURANCE, OR A TITLE POLICY, AND SHOULD NOT BE RELIED UPON AS SUCH. THE REPORT DOES NOT PROVIDE OR OFFER ANY TITLE INSURANCE, LIABILITY COVERAGE OR ERRORS AND OMISSIONS COVERAGE. THE REPORT IS NOT TO BE RELIED UPON AS A REPRESENTATION OF THE STATUS OF TITLE TO THE PROPERTY. THE COMPANY MAKES NO REPRESENTATIONS AS TO THE REPORT'S ACCURACY, DISCLAIMS ANY WARRANTY AS TO THE REPORT, ASSUMES NO DUTIES TO CUSTOMER, DOES NOT INTEND FOR CUSTOMER TO RELY ON THE REPORT, AND ASSUMES NO LIABILITY FOR ANY LOSS OCCURRING BY REASON OF RELIANCE ON THE REPORT OR OTHERWISE.

**EXHIBIT 2**
**Page 7 of 7**

Fidelity National Title Company of Oregon
Order No. 45142508851

IF CUSTOMER (A) HAS OR WILL HAVE AN INSURABLE INTEREST IN THE SUBJECT REAL PROPERTY, (B) DOES NOT WISH TO LIMIT LIABILITY AS STATED HEREIN AND (C) DESIRES THAT ADDITIONAL LIABILITY BE ASSUMED BY THE COMPANY, THEN CUSTOMER MAY REQUEST AND PURCHASE A POLICY OF TITLE INSURANCE, A BINDER, OR A COMMITMENT TO ISSUE A POLICY OF TITLE INSURANCE. NO ASSURANCE IS GIVEN AS TO THE INSURABILITY OF THE TITLE OR STATUS OF TITLE. CUSTOMER EXPRESSLY AGREES AND ACKNOWLEDGES IT HAS AN INDEPENDENT DUTY TO ENSURE AND/OR RESEARCH THE ACCURACY OF ANY INFORMATION OBTAINED FROM THE COMPANY OR ANY PRODUCT OR SERVICE PURCHASED.

NO THIRD PARTY IS PERMITTED TO USE OR RELY UPON THE INFORMATION SET FORTH IN THE REPORT, AND NO LIABILITY TO ANY THIRD PARTY IS UNDERTAKEN BY THE COMPANY.

CUSTOMER AGREES THAT, TO THE FULLEST EXTENT PERMITTED BY LAW, IN NO EVENT WILL THE COMPANY, ITS LICENSORS, AGENTS, SUPPLIERS, RESELLERS, SERVICE PROVIDERS, CONTENT PROVIDERS, AND ALL OTHER SUBSCRIBERS OR SUPPLIERS, SUBSIDIARIES, AFFILIATES, EMPLOYEES AND SUBCONTRACTORS BE LIABLE FOR CONSEQUENTIAL, INCIDENTAL, INDIRECT, PUNITIVE, EXEMPLARY, OR SPECIAL DAMAGES, OR LOSS OF PROFITS, REVENUE, INCOME, SAVINGS, DATA, BUSINESS, OPPORTUNITY, OR GOODWILL, PAIN AND SUFFERING, EMOTIONAL DISTRESS, NON-OPERATION OR INCREASED EXPENSE OF OPERATION, BUSINESS INTERRUPTION OR DELAY, COST OF CAPITAL, OR COST OF REPLACEMENT PRODUCTS OR SERVICES, REGARDLESS OF WHETHER SUCH LIABILITY IS BASED ON BREACH OF CONTRACT, TORT, NEGLIGENCE, THE COMPANY'S OWN FAULT AND/OR NEGLIGENCE, STRICT LIABILITY, BREACH OF WARRANTIES, FAILURE OF ESSENTIAL PURPOSE, OR OTHERWISE AND WHETHER CAUSED BY NEGLIGENCE, ERRORS, OMISSIONS, STRICT LIABILITY, BREACH OF CONTRACT, BREACH OF WARRANTY, THE COMPANY'S OWN FAULT AND/OR NEGLIGENCE OR ANY OTHER CAUSE WHATSOEVER, AND EVEN IF THE COMPANY HAS BEEN ADVISED OF THE LIKELIHOOD OF SUCH DAMAGES OR KNEW OR SHOULD HAVE KNOWN OF THE POSSIBILITY FOR SUCH DAMAGES.

END OF THE LIMITATIONS OF LIABILITY

Informational Report of Ownership and Monetary Encumbrances
(Ver. 20161024)



Fidelity National Title Company of Oregon
1455 SW Broadway, Suite 1450
(503)646-4444

**OWNERSHIP AND MONETARY ENCUMBRANCES REPORT WITH GENERAL INDEX LIENS**
Informational Report of Ownership and Monetary Encumbrances

**To ("Customer"):** Law Office of Erin Olson, P.C.
1631 NE Broadway St, #816
Portland, OR 97232

**Customer Ref.:** _____
**Order No.:** 45142508852
**Effective Date:** September 2, 2025 at 08:00 AM
**Charge:** $100.00

The information contained in this report is furnished by Fidelity National Title Company of Oregon (the "Company") as a real property information service based on the records and indices maintained by the Company for the county identified below.   THIS IS NOT TITLE INSURANCE OR A PRELIMINARY TITLE REPORT FOR, OR COMMITMENT FOR, TITLE INSURANCE.  No examination has been made of the title to the herein described property, other than as specifically set forth herein.  Liability for any loss arising from errors and/or omissions is limited to the lesser of the charge or the actual loss, and the Company will have no greater liability by reason of this report.   THIS REPORT IS SUBJECT TO THE LIMITATIONS OF LIABILITY STATED BELOW, WHICH LIMITATIONS OF LIABILITY ARE A PART OF THIS REPORT.

**THIS REPORT INCLUDES ONLY MONETARY ENCUMBRANCES.**

### Part One - Ownership and Property Description

**Owner.**  The apparent vested owner of the property ("the Property") as of the Effective Date is:

Mathew Zirbel

**Premises.**  The Property is:

**(a)  Street Address:**

S. Macksburg Road, Molalla, OR 97038

**(b)  Legal Description:**

SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF

Fidelity National Title Company of Oregon
Order No. 45142508852

**EXHIBIT 3**
**Page 2 of 6**

**Part Two - Monetary Encumbrances**

**Monetary Encumbrances**.  As of the Effective Date, the Property appears subject to the following monetary encumbrances of record, not necessarily listed in order of priority, including liens specific to the subject property and general index liens (liens that are not property specific but affect any real property of the named person in the same county):

EXCEPTIONS

SPECIFIC ITEMS AND EXCEPTIONS:

1.    Property taxes in an undetermined amount, which are a lien but not yet payable, including any assessments collected with taxes to be levied for the fiscal year 2025-2026.

2.    The Land has been classified as EFU Farmland, as disclosed by the tax roll.  If the Land becomes disqualified, said Land may be subject to additional taxes and/or penalties.

3.    A Deed:

From:          Matt Zirbel
To:            NWRN Foundation
Dated:              Not dated
Recording Date:    July 25, 2019
Recording No:      2019-043361

For insurance purposes, the Company is not willing to divest the interest of the following party(ies):

Party(ies):         Matt Zirbel

4.    Any loss, liability or adverse claim that may arise in the event that NWRN Foundation is not an entity capable of holding title in Oregon and/or any claim that may arise from the parties claiming an interest in or ownership of said entity.

5.    Effect, if any, of that Bargain and Sale Deed
Grantor: NWRN Foundation
Grantee:  TRICK Foundation
Recording Date: March 28, 2022
Recording No.: 2022-018505

6.    Any loss, liability or adverse claim that may arise in the event that TRICK Foundation is not an entity capable of holding title in Oregon and/or any claim that may arise from the parties claiming an interest in or ownership of said entity.

7.    The interest, if any, of the grantee in the deed referenced below.  At the date of said deed the grantor(s) therein had no apparent record interest in said Land, nor have said grantor(s) subsequently acquired a record interest.

Grantor(s): Raw Foundation
Grantee: Face Realities FOUNDATION
Dated: Not dated
Recording Date: June 7, 2023
Recording No: 2023-019191

**EXHIBIT 3**
**Page 3 of 6**

Fidelity National Title Company of Oregon
Order No. 45142508852

8.    A judgment for the amount shown below, and any other amounts due, entered in the United States District Court:

Amount:            $1,200,000.00
Debtor:            Nicole Marie Stevens, now known as Nicole Marie Ream, Wesley Allen Ream, Jr., Wesley Allen Ream, Sr., Mathew Dean Zirbel, Alpha Foundation, Raw Foundation, Onyx Foundation, Skyview Foundation, NWRN Foundation, Cobalt Foundation, Trick Foundation, Face Realities Foundation

Creditor:          Coralie Jane Stevens, by and through Erin K. Olson, her duly-appointed conservator
Date entered:      July 9, 2025
District:          Portland Division, State of Oregon
Case No:           3:24-cv-00411-SI
Recording Date:    July 22, 2025
Recording No:      2025-027970:

9.    A judgment, for the amount shown below, and any other amounts due:

Amount:            $1,200,244.00 plus interest
Debtor:            Wesley Allen Ream, Matthew Dean Zirbel, Alpha Foundation, Raw Foundation, Onyx Foundation, Skyview Foundation, NWRN Foundation, Cobalt Foundation, Trick Foundation, Face Realities Foundation
Creditor:          Coralie Jane Stevens
Date entered:      August 20, 2025
County:            Clackamas
Court:             Circuit
Case No.:          25CV45921

10.    Please be advised that our search did not disclose any open Deeds of Trust of record.

11.    Existing leases and tenancies, if any, and any interests that may appear upon examination of such leases.

12.    Discrepancies and inconsistencies in the historical legal descriptions and any interests arising therefrom

**End of Liens & Encumbrances**

Note: Property taxes for the fiscal year shown below are paid in full.

Fiscal Year:       2024-2025
Amount:            $3.24
Levy Code:         035-013
Account No.:       05038095
Map No.:           52E03A 01403

**End of Reported Information**

There will be additional charges for additional information or copies.  For questions or additional requests, contact:

Julie Davis
503-336-9132
julie.davis@titlegroup.fntg.com

<table>
<tr><td></td><td>**EXHIBIT "A"**<br>Legal Description</td><td>**EXHIBIT 3**<br>**Page 4 of 6**</td></tr>
</table>

**For APN/Parcel ID(s):**  05038095
**For Tax Map ID(s):**    52E03A01403

A portion of that tract of land described in Document No. 2019-072431, Clackamas County Deed Records, situated in the Northeast one-quarter of Section 3, Township 5 South, Range 2 East of the Willamette Meridian, Clackamas County, Oregon, said portion being more particularly described as follows:

Beginning at a point in the Northeasterly line of said Document No. 2019-072431 tract from which a five-eighths inch diameter iron rod with a yellow plastic cap marked "LOVE LAND SURVEYS, INC." found at the Southeast corner of the Northwest one-quarter of the Northeast one-quarter of said Section 3, bears South 45°33'39" East, 329.29 feet and South 0°19'31" West, 61.69 feet; thence from said beginning point South 44°26'21" West, 384.59 feet to the Southwesterly line of said tract; thence South 45°33'39" East along said Southwesterly line, 80.13 feet to a stone with 'X' found on the South line of the Northwest one-quarter of the Northeast one-quarter of said Section 3; thence South 89°20'27" East along last said line, 142.58 feet; thence North 44°26'21" East, 285.94 feet to the Northeasterly line of said Document No. 2019-072431 tract; thence North 45°33'39" West along said Northeasterly line, 183.07 feet to the point of beginning.

**EXHIBIT 3**
**Page 5 of 6**

Fidelity National Title Company of Oregon
Order No. 45142508852

## LIMITATIONS OF LIABILITY

"CUSTOMER" REFERS TO THE RECIPIENT OF THIS REPORT.

CUSTOMER EXPRESSLY AGREES AND ACKNOWLEDGES THAT IT IS EXTREMELY DIFFICULT, IF NOT IMPOSSIBLE, TO DETERMINE THE EXTENT OF LOSS WHICH COULD ARISE FROM ERRORS OR OMISSIONS IN, OR THE COMPANY'S NEGLIGENCE IN PRODUCING, THE REQUESTED REPORT, HEREIN "THE REPORT." CUSTOMER RECOGNIZES THAT THE FEE CHARGED IS NOMINAL IN RELATION TO THE POTENTIAL LIABILITY WHICH COULD ARISE FROM SUCH ERRORS OR OMISSIONS OR NEGLIGENCE. THEREFORE, CUSTOMER UNDERSTANDS THAT THE COMPANY IS NOT WILLING TO PROCEED IN THE PREPARATION AND ISSUANCE OF THE REPORT UNLESS THE COMPANY'S LIABILITY IS STRICTLY LIMITED. CUSTOMER AGREES WITH THE PROPRIETY OF SUCH LIMITATION AND AGREES TO BE BOUND BY ITS TERMS

THE LIMITATIONS ARE AS FOLLOWS AND THE LIMITATIONS WILL SURVIVE THE CONTRACT:

ONLY MATTERS IDENTIFIED IN THIS REPORT AS THE SUBJECT OF THE REPORT ARE WITHIN ITS SCOPE. ALL OTHER MATTERS ARE OUTSIDE THE SCOPE OF THE REPORT.

CUSTOMER AGREES, AS PART OF THE CONSIDERATION FOR THE ISSUANCE OF THE REPORT AND TO THE FULLEST EXTENT PERMITTED BY LAW, TO LIMIT THE LIABILITY OF THE COMPANY, ITS LICENSORS, AGENTS, SUPPLIERS, RESELLERS, SERVICE PROVIDERS, CONTENT PROVIDERS AND ALL OTHER SUBSCRIBERS OR SUPPLIERS, SUBSIDIARIES, AFFILIATES, EMPLOYEES, AND SUBCONTRACTORS FOR ANY AND ALL CLAIMS, LIABILITIES, CAUSES OF ACTION, LOSSES, COSTS, DAMAGES AND EXPENSES OF ANY NATURE WHATSOEVER, INCLUDING ATTORNEY'S FEES, HOWEVER ALLEGED OR ARISING, INCLUDING BUT NOT LIMITED TO THOSE ARISING FROM BREACH OF CONTRACT, NEGLIGENCE, THE COMPANY'S OWN FAULT AND/OR NEGLIGENCE, ERRORS, OMISSIONS, STRICT LIABILITY, BREACH OF WARRANTY, EQUITY, THE COMMON LAW, STATUTE OR ANY OTHER THEORY OF RECOVERY, OR FROM ANY PERSON'S USE, MISUSE, OR INABILITY TO USE THE REPORT OR ANY OF THE MATERIALS CONTAINED THEREIN OR PRODUCED, **SO THAT THE TOTAL AGGREGATE LIABILITY OF THE COMPANY AND ITS AGENTS, SUBSIDIARIES, AFFILIATES, EMPLOYEES, AND SUBCONTRACTORS SHALL NOT IN ANY EVENT EXCEED THE COMPANY'S TOTAL FEE FOR THE REPORT.**

CUSTOMER AGREES THAT THE FOREGOING LIMITATION ON LIABILITY IS A TERM MATERIAL TO THE PRICE THE CUSTOMER IS PAYING, WHICH PRICE IS LOWER THAN WOULD OTHERWISE BE OFFERED TO THE CUSTOMER WITHOUT SAID TERM. CUSTOMER RECOGNIZES THAT THE COMPANY WOULD NOT ISSUE THE REPORT BUT FOR THIS CUSTOMER AGREEMENT, AS PART OF THE CONSIDERATION GIVEN FOR THE REPORT, TO THE FOREGOING LIMITATION OF LIABILITY AND THAT ANY SUCH LIABILITY IS CONDITIONED AND PREDICATED UPON THE FULL AND TIMELY PAYMENT OF THE COMPANY'S INVOICE FOR THE REPORT.

THE REPORT IS LIMITED IN SCOPE AND IS NOT AN ABSTRACT OF TITLE, TITLE OPINION, PRELIMINARY TITLE REPORT, TITLE REPORT, COMMITMENT TO ISSUE TITLE INSURANCE, OR A TITLE POLICY, AND SHOULD NOT BE RELIED UPON AS SUCH. THE REPORT DOES NOT PROVIDE OR OFFER ANY TITLE INSURANCE, LIABILITY COVERAGE OR ERRORS AND OMISSIONS COVERAGE. THE REPORT IS NOT TO BE RELIED UPON AS A REPRESENTATION OF THE STATUS OF TITLE TO THE PROPERTY. THE COMPANY MAKES NO REPRESENTATIONS AS TO THE REPORT'S ACCURACY, DISCLAIMS ANY WARRANTY AS TO THE REPORT, ASSUMES NO DUTIES TO CUSTOMER, DOES NOT INTEND FOR CUSTOMER TO RELY ON THE REPORT, AND ASSUMES NO LIABILITY FOR ANY LOSS OCCURRING BY REASON OF RELIANCE ON THE REPORT OR OTHERWISE.

**EXHIBIT 3**
**Page 6 of 6**

Fidelity National Title Company of Oregon
Order No. 45142508852

IF CUSTOMER (A) HAS OR WILL HAVE AN INSURABLE INTEREST IN THE SUBJECT REAL PROPERTY, (B) DOES NOT WISH TO LIMIT LIABILITY AS STATED HEREIN AND (C) DESIRES THAT ADDITIONAL LIABILITY BE ASSUMED BY THE COMPANY, THEN CUSTOMER MAY REQUEST AND PURCHASE A POLICY OF TITLE INSURANCE, A BINDER, OR A COMMITMENT TO ISSUE A POLICY OF TITLE INSURANCE.  NO ASSURANCE IS GIVEN AS TO THE INSURABILITY OF THE TITLE OR STATUS OF TITLE.  CUSTOMER EXPRESSLY AGREES AND ACKNOWLEDGES IT HAS AN INDEPENDENT DUTY TO ENSURE AND/OR RESEARCH THE ACCURACY OF ANY INFORMATION OBTAINED FROM THE COMPANY OR ANY PRODUCT OR SERVICE PURCHASED.

NO THIRD PARTY IS PERMITTED TO USE OR RELY UPON THE INFORMATION SET FORTH IN THE REPORT, AND NO LIABILITY TO ANY THIRD PARTY IS UNDERTAKEN BY THE COMPANY.

CUSTOMER AGREES THAT, TO THE FULLEST EXTENT PERMITTED BY LAW, IN NO EVENT WILL THE COMPANY, ITS LICENSORS, AGENTS, SUPPLIERS, RESELLERS, SERVICE PROVIDERS, CONTENT PROVIDERS, AND ALL OTHER SUBSCRIBERS OR SUPPLIERS, SUBSIDIARIES, AFFILIATES, EMPLOYEES AND SUBCONTRACTORS BE LIABLE FOR CONSEQUENTIAL, INCIDENTAL, INDIRECT, PUNITIVE, EXEMPLARY, OR SPECIAL DAMAGES, OR LOSS OF PROFITS, REVENUE, INCOME, SAVINGS, DATA, BUSINESS, OPPORTUNITY, OR GOODWILL, PAIN AND SUFFERING, EMOTIONAL DISTRESS, NON-OPERATION OR INCREASED EXPENSE OF OPERATION, BUSINESS INTERRUPTION OR DELAY, COST OF CAPITAL, OR COST OF REPLACEMENT PRODUCTS OR SERVICES, REGARDLESS OF WHETHER SUCH LIABILITY IS BASED ON BREACH OF CONTRACT, TORT, NEGLIGENCE, THE COMPANY'S OWN FAULT AND/OR NEGLIGENCE, STRICT LIABILITY, BREACH OF WARRANTIES, FAILURE OF ESSENTIAL PURPOSE, OR OTHERWISE AND WHETHER CAUSED BY NEGLIGENCE, ERRORS, OMISSIONS, STRICT LIABILITY, BREACH OF CONTRACT, BREACH OF WARRANTY, THE COMPANY'S OWN FAULT AND/OR NEGLIGENCE OR ANY OTHER CAUSE WHATSOEVER, AND EVEN IF THE COMPANY HAS BEEN ADVISED OF THE LIKELIHOOD OF SUCH DAMAGES OR KNEW OR SHOULD HAVE KNOWN OF THE POSSIBILITY FOR SUCH DAMAGES.

END OF THE LIMITATIONS OF LIABILITY

Informational Report of Ownership and Monetary Encumbrances
(Ver. 20161024)



Fidelity National Title Company of Oregon
1455 SW Broadway, Suite 1450
(503)646-4444

**OWNERSHIP AND MONETARY ENCUMBRANCES REPORT WITH GENERAL INDEX LIENS**
Informational Report of Ownership and Monetary Encumbrances

**To ("Customer"):**  Law Office of Erin Olson, P.C.
1631 NE Broadway St, #816
Portland, OR 97232

**Customer Ref.:**  _____
**Order No.:**  45142508853
**Effective Date:**  August 28, 2025 at 08:00 AM
**Charge:**  $100.00

The information contained in this report is furnished by Fidelity National Title Company of Oregon (the "Company") as a real property information service based on the records and indices maintained by the Company for the county identified below.   THIS IS NOT TITLE INSURANCE OR A PRELIMINARY TITLE REPORT FOR, OR COMMITMENT FOR, TITLE INSURANCE.  No examination has been made of the title to the herein described property, other than as specifically set forth herein.  Liability for any loss arising from errors and/or omissions is limited to the lesser of the charge or the actual loss, and the Company will have no greater liability by reason of this report.   THIS REPORT IS SUBJECT TO THE LIMITATIONS OF LIABILITY STATED BELOW, WHICH LIMITATIONS OF LIABILITY ARE A PART OF THIS REPORT.

**THIS REPORT INCLUDES ONLY MONETARY ENCUMBRANCES.**

### Part One - Ownership and Property Description

**Owner.**  The apparent vested owner of the property ("the Property") as of the Effective Date is:

Wesley Ream

**Premises.**  The Property is:

**(a) Street Address:**

S. Macksburg road, Molalla, OR 97038

**(b) Legal Description:**

SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF

Fidelity National Title Company of Oregon
Order No. 45142508853

**EXHIBIT 4**
**Page 2 of 6**

## Part Two - Monetary Encumbrances

**Monetary Encumbrances**.   As of the Effective Date, the Property appears subject to the following monetary encumbrances of record, not necessarily listed in order of priority, including liens specific to the subject property and general index liens (liens that are not property specific but affect any real property of the named person in the same county):

EXCEPTIONS

    SPECIFIC ITEMS AND EXCEPTIONS:

1.    Property taxes in an undetermined amount, which are a lien but not yet payable, including any assessments collected with taxes to be levied for the fiscal year 2025-2026.

2.    The Land has been classified as Forest land, as disclosed by the tax roll.  If the Land becomes disqualified, said Land may be subject to additional taxes and/or penalties.

3.    A Deed:

    From:            Wesley Ream
    To:             Skyview Foundation
    Dated:           Not dated
    Recording Date:  April 4, 2019
    Recording No:    2019-017467

    For insurance purposes, the Company is not willing to divest the interest of the following party(ies):

    Party(ies):      Wesley Ream

4.    Any loss, liability or adverse claim that may arise in the event that Skyview Foundation is not an entity capable of holding title in Oregon and/or any claim that may arise from the parties claiming an interest in or ownership of said entity.

5.    Effect, if any, of a Bargain and Sale Deed:

    From:            Skyveiw Foundation
    To:             Cobalt Foundation
    Dated:           June 6, 2023
    Recording Date:  June 6, 2023
    Recording No:    2023-019090

    and Re-Recording Date:  July 13, 2023
    and Re-Recording No:    2023-024926
    From:            Skyview Foundation
    To:             Cobalt Foundation
    Reason:          To correct legal description and Grantee name

6.    Any loss, liability or adverse claim that may arise in the event that Cobalt Foundation is not an entity capable of holding title in Oregon and/or any claim that may arise from the parties claiming an interest in or ownership of said entity.

Fidelity National Title Company of Oregon
Order No. 45142508853

**EXHIBIT 4**
**Page 3 of 6**

7.  A judgment for the amount shown below, and any other amounts due, entered in the United States District Court:

Amount:          $1,200,000.00
Debtor:          Nicole Marie Stevens, now known as Nicole Marie Ream, Wesley Allen Ream, Jr., Wesley Allen Ream, Sr., Mathew Dean Zirbel, Alpha Foundation, Raw Foundation, Onyx Foundation, Skyview Foundation, NWRN Foundation, Cobalt Foundation, Trick Foundation, Face Realities Foundation

Creditor:        Coralie Jane Stevens, by and through Erin K. Olson, her duly-appointed conservator
Date entered:    July 9, 2025
District:        Portland Division, State of Oregon
Case No:         3:24-cv-00411-SI
Recording Date:  July 22, 2025
Recording No:    2025-027970

8.  A judgment, for the amount shown below, and any other amounts due:

Amount:          $1,200,244.00 plus interest
Debtor:          Wesley Allen Ream, Matthew Dean Zirbel, Alpha Foundation, Raw Foundation, Onyx Foundation, Skyview Foundation, NWRN Foundation, Cobalt Foundation, Trick Foundation, Face Realities Foundation
Creditor:        Coralie Jane Stevens
Date entered:    August 20, 2025
County:          Clackamas
Court:           Circuit
Case No.:        25CV45921

9.  Please be advised that our search did not disclose any open Deeds of Trust of record.

10. Existing leases and tenancies, if any, and any interests that may appear upon examination of such leases.

**End of Liens & Encumbrances**

Note: Property taxes for the fiscal year shown below are paid in full.

Fiscal Year:     2024-2025
Amount:          $26.00
Levy Code:       035-013
Account No.:     05034341
Map No.:         52E03A 02000

We are unable to ascertain from the records if the premises herein described has access to and from a legally dedicated road or highway.

**End of Reported Information**

There will be additional charges for additional information or copies.  For questions or additional requests, contact:

Julie Davis
503-336-9132
julie.davis@titlegroup.fntg.com

**EXHIBIT "A"**
Legal Description

**EXHIBIT 4**
**Page 4 of 6**

**For APN/Parcel ID(s):  05034341**
**For Tax Map ID(s):     52E03A02000**

A tract of land situated in the Northwest one-quarter and the Northeast one-quarter of Section 3, Township 5 South, Range 2 East of the Willamette Meridian, Clackamas County, Oregon, more particularly described as follows:

Beginning at a five-eighths inch diameter iron rod with a yellow plastic cap marked 'LS 1015' found at the most Westerly Northwest corner of that tract of land described in Document No. 2003-013351, Clackamas County Deed Records, from which a three and one-quarter inch diameter bronze disk found at the North one-quarter corner of said Section 3 bears North 0°11'24" East, 153.47 feet; thence from said iron rod, South 0°11'24" West along the West line of said Document No. 2003-013351 and Document No. 2003-164798, Clackamas County Deed Records, 483.71 feet to a five-eighths inch diameter iron rod with a yellow plastic cap marked 'LOVE 747' found at the Southwest corner of that tract of land described in Document No. 2003-164798, Clackamas County Deed Records, said Southwest corner being on the Northeasterly line of that tract of land described in Document No. 2017-082123, Clackamas County Deed Records; thence North 45°33'39" West along said Northeasterly line, 341.07 feet to a five-eighths inch diameter by 30 inch long iron rod with a yellow plastic cap marked 'TOWNSHIP SURVEYS' set at the most Southerly corner of that tract of land described as Parcel II in Document No. 2014-019997; thence North 45°01'32" East along the Southeasterly line of last said tract, 346.51 feet to the place of beginning.

Informational Report of Ownership and Monetary Encumbrances
(Ver. 20161024)

**EXHIBIT 4**
**Page 5 of 6**

Fidelity National Title Company of Oregon
Order No. 45142508853

## LIMITATIONS OF LIABILITY

"CUSTOMER" REFERS TO THE RECIPIENT OF THIS REPORT.

CUSTOMER EXPRESSLY AGREES AND ACKNOWLEDGES THAT IT IS EXTREMELY DIFFICULT, IF NOT IMPOSSIBLE, TO DETERMINE THE EXTENT OF LOSS WHICH COULD ARISE FROM ERRORS OR OMISSIONS IN, OR THE COMPANY'S NEGLIGENCE IN PRODUCING, THE REQUESTED REPORT, HEREIN "THE REPORT." CUSTOMER RECOGNIZES THAT THE FEE CHARGED IS NOMINAL IN RELATION TO THE POTENTIAL LIABILITY WHICH COULD ARISE FROM SUCH ERRORS OR OMISSIONS OR NEGLIGENCE. THEREFORE, CUSTOMER UNDERSTANDS THAT THE COMPANY IS NOT WILLING TO PROCEED IN THE PREPARATION AND ISSUANCE OF THE REPORT UNLESS THE COMPANY'S LIABILITY IS STRICTLY LIMITED. CUSTOMER AGREES WITH THE PROPRIETY OF SUCH LIMITATION AND AGREES TO BE BOUND BY ITS TERMS

THE LIMITATIONS ARE AS FOLLOWS AND THE LIMITATIONS WILL SURVIVE THE CONTRACT:

ONLY MATTERS IDENTIFIED IN THIS REPORT AS THE SUBJECT OF THE REPORT ARE WITHIN ITS SCOPE. ALL OTHER MATTERS ARE OUTSIDE THE SCOPE OF THE REPORT.

CUSTOMER AGREES, AS PART OF THE CONSIDERATION FOR THE ISSUANCE OF THE REPORT AND TO THE FULLEST EXTENT PERMITTED BY LAW, TO LIMIT THE LIABILITY OF THE COMPANY, ITS LICENSORS, AGENTS, SUPPLIERS, RESELLERS, SERVICE PROVIDERS, CONTENT PROVIDERS AND ALL OTHER SUBSCRIBERS OR SUPPLIERS, SUBSIDIARIES, AFFILIATES, EMPLOYEES, AND SUBCONTRACTORS FOR ANY AND ALL CLAIMS, LIABILITIES, CAUSES OF ACTION, LOSSES, COSTS, DAMAGES AND EXPENSES OF ANY NATURE WHATSOEVER, INCLUDING ATTORNEY'S FEES, HOWEVER ALLEGED OR ARISING, INCLUDING BUT NOT LIMITED TO THOSE ARISING FROM BREACH OF CONTRACT, NEGLIGENCE, THE COMPANY'S OWN FAULT AND/OR NEGLIGENCE, ERRORS, OMISSIONS, STRICT LIABILITY, BREACH OF WARRANTY, EQUITY, THE COMMON LAW, STATUTE OR ANY OTHER THEORY OF RECOVERY, OR FROM ANY PERSON'S USE, MISUSE, OR INABILITY TO USE THE REPORT OR ANY OF THE MATERIALS CONTAINED THEREIN OR PRODUCED, **SO THAT THE TOTAL AGGREGATE LIABILITY OF THE COMPANY AND ITS AGENTS, SUBSIDIARIES, AFFILIATES, EMPLOYEES, AND SUBCONTRACTORS SHALL NOT IN ANY EVENT EXCEED THE COMPANY'S TOTAL FEE FOR THE REPORT.**

CUSTOMER AGREES THAT THE FOREGOING LIMITATION ON LIABILITY IS A TERM MATERIAL TO THE PRICE THE CUSTOMER IS PAYING, WHICH PRICE IS LOWER THAN WOULD OTHERWISE BE OFFERED TO THE CUSTOMER WITHOUT SAID TERM. CUSTOMER RECOGNIZES THAT THE COMPANY WOULD NOT ISSUE THE REPORT BUT FOR THIS CUSTOMER AGREEMENT, AS PART OF THE CONSIDERATION GIVEN FOR THE REPORT, TO THE FOREGOING LIMITATION OF LIABILITY AND THAT ANY SUCH LIABILITY IS CONDITIONED AND PREDICATED UPON THE FULL AND TIMELY PAYMENT OF THE COMPANY'S INVOICE FOR THE REPORT.

THE REPORT IS LIMITED IN SCOPE AND IS NOT AN ABSTRACT OF TITLE, TITLE OPINION, PRELIMINARY TITLE REPORT, TITLE REPORT, COMMITMENT TO ISSUE TITLE INSURANCE, OR A TITLE POLICY, AND SHOULD NOT BE RELIED UPON AS SUCH. THE REPORT DOES NOT PROVIDE OR OFFER ANY TITLE INSURANCE, LIABILITY COVERAGE OR ERRORS AND OMISSIONS COVERAGE. THE REPORT IS NOT TO BE RELIED UPON AS A REPRESENTATION OF THE STATUS OF TITLE TO THE PROPERTY. THE COMPANY MAKES NO REPRESENTATIONS AS TO THE REPORT'S ACCURACY, DISCLAIMS ANY WARRANTY AS TO THE REPORT, ASSUMES NO DUTIES TO CUSTOMER, DOES NOT INTEND FOR CUSTOMER TO RELY ON THE REPORT, AND ASSUMES NO LIABILITY FOR ANY LOSS OCCURRING BY REASON OF RELIANCE ON THE REPORT OR OTHERWISE.

**EXHIBIT 4**
**Page 6 of 6**

Fidelity National Title Company of Oregon
Order No. 45142508853

IF CUSTOMER (A) HAS OR WILL HAVE AN INSURABLE INTEREST IN THE SUBJECT REAL PROPERTY, (B) DOES NOT WISH TO LIMIT LIABILITY AS STATED HEREIN AND (C) DESIRES THAT ADDITIONAL LIABILITY BE ASSUMED BY THE COMPANY, THEN CUSTOMER MAY REQUEST AND PURCHASE A POLICY OF TITLE INSURANCE, A BINDER, OR A COMMITMENT TO ISSUE A POLICY OF TITLE INSURANCE.  NO ASSURANCE IS GIVEN AS TO THE INSURABILITY OF THE TITLE OR STATUS OF TITLE.  CUSTOMER EXPRESSLY AGREES AND ACKNOWLEDGES IT HAS AN INDEPENDENT DUTY TO ENSURE AND/OR RESEARCH THE ACCURACY OF ANY INFORMATION OBTAINED FROM THE COMPANY OR ANY PRODUCT OR SERVICE PURCHASED.

NO THIRD PARTY IS PERMITTED TO USE OR RELY UPON THE INFORMATION SET FORTH IN THE REPORT, AND NO LIABILITY TO ANY THIRD PARTY IS UNDERTAKEN BY THE COMPANY.

CUSTOMER AGREES THAT, TO THE FULLEST EXTENT PERMITTED BY LAW, IN NO EVENT WILL THE COMPANY, ITS LICENSORS, AGENTS, SUPPLIERS, RESELLERS, SERVICE PROVIDERS, CONTENT PROVIDERS, AND ALL OTHER SUBSCRIBERS OR SUPPLIERS, SUBSIDIARIES, AFFILIATES, EMPLOYEES AND SUBCONTRACTORS BE LIABLE FOR CONSEQUENTIAL, INCIDENTAL, INDIRECT, PUNITIVE, EXEMPLARY, OR SPECIAL DAMAGES, OR LOSS OF PROFITS, REVENUE, INCOME, SAVINGS, DATA, BUSINESS, OPPORTUNITY, OR GOODWILL, PAIN AND SUFFERING, EMOTIONAL DISTRESS, NON-OPERATION OR INCREASED EXPENSE OF OPERATION, BUSINESS INTERRUPTION OR DELAY, COST OF CAPITAL, OR COST OF REPLACEMENT PRODUCTS OR SERVICES, REGARDLESS OF WHETHER SUCH LIABILITY IS BASED ON BREACH OF CONTRACT, TORT, NEGLIGENCE, THE COMPANY'S OWN FAULT AND/OR NEGLIGENCE, STRICT LIABILITY, BREACH OF WARRANTIES, FAILURE OF ESSENTIAL PURPOSE, OR OTHERWISE AND WHETHER CAUSED BY NEGLIGENCE, ERRORS, OMISSIONS, STRICT LIABILITY, BREACH OF CONTRACT, BREACH OF WARRANTY, THE COMPANY'S OWN FAULT AND/OR NEGLIGENCE OR ANY OTHER CAUSE WHATSOEVER, AND EVEN IF THE COMPANY HAS BEEN ADVISED OF THE LIKELIHOOD OF SUCH DAMAGES OR KNEW OR SHOULD HAVE KNOWN OF THE POSSIBILITY FOR SUCH DAMAGES.

END OF THE LIMITATIONS OF LIABILITY



Fidelity National Title Company of Oregon
1455 SW Broadway, Suite 1450
(503)646-4444

**OWNERSHIP AND MONETARY ENCUMBRANCES REPORT WITH GENERAL INDEX LIENS**
Informational Report of Ownership and Monetary Encumbrances

**To ("Customer"):**  Law Office of Erin Olson, P.C.
1631 NE Broadway St, #816
Portland, OR 97232

**Customer Ref.:**  _____
**Order No.:**  45142508828
**Effective Date:**  August 18, 2025 at 08:00 AM
**Charge:**  $350.00

The information contained in this report is furnished by Fidelity National Title Company of Oregon (the "Company") as a real property information service based on the records and indices maintained by the Company for the county identified below.   THIS IS NOT TITLE INSURANCE OR A PRELIMINARY TITLE REPORT FOR, OR COMMITMENT FOR, TITLE INSURANCE.  No examination has been made of the title to the herein described property, other than as specifically set forth herein.  Liability for any loss arising from errors and/or omissions is limited to the lesser of the charge or the actual loss, and the Company will have no greater liability by reason of this report.   THIS REPORT IS SUBJECT TO THE LIMITATIONS OF LIABILITY STATED BELOW, WHICH LIMITATIONS OF LIABILITY ARE A PART OF THIS REPORT.

**THIS REPORT INCLUDES ONLY MONETARY ENCUMBRANCES.**

### Part One - Ownership and Property Description

**Owner.**  The apparent vested owner of the property ("the Property") as of the Effective Date is:

Wesley A. Ream

**Premises.**  The Property is:

**(a)  Street Address:**

1011 W. Main Street, Molalla, OR 97038

**(b)  Legal Description:**

SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF

Fidelity National Title Company of Oregon
Order No. 45142508828

**EXHIBIT 5
Page 2 of 8**

### Part Two - Monetary Encumbrances

**Monetary Encumbrances**.  As of the Effective Date, the Property appears subject to the following monetary encumbrances of record, not necessarily listed in order of priority, including liens specific to the subject property and general index liens (liens that are not property specific but affect any real property of the named person in the same county):

EXCEPTIONS

SPECIFIC ITEMS AND EXCEPTIONS:

1.      Unpaid Property Taxes are as follows:

Fiscal Year:          2022-2023
Amount:               $2,913.70, plus interest, if any

Unpaid Property Taxes are as follows:

Fiscal Year:          2023-2024
Amount:               $3,001.25, plus interest, if any

Unpaid Property Taxes are as follows:

Fiscal Year:          2024-2025
Amount:               $2,273.24, plus interest, if any
Levy Code:            035-002
Account No.:          01091963
Map No.:              52E08BC08703

2.      Property taxes in an undetermined amount, which are a lien but not yet payable, including any assessments collected with taxes to be levied for the fiscal year 2025-2026.

3.      City Liens, if any, in favor of the City of Molalla.

4.      Any adverse claim based on the assertion that any portion of the subject land has been removed from or brought within the subject land's boundaries by the process of accretion or reliction or any change in the location of Milk Creek.

Any adverse claim based on the assertion that any portion of the subject land has been created by artificial means or has accreted to such portions so created, or based on the provisions of ORS 274.905 through 274.940.

Any adverse claim based on the assertion that any portion of the subject land is now or at any time has been below the ordinary high water line of Milk Creek.

Rights of fishing, navigation, commerce, flood control, propagation of anadromous fish, and recreation, and other rights of the public, Indian tribes or governmental bodies in and to the waters of Milk Creek.

5.      Rights of the public to any portion of the Land lying within the area commonly known as

streets, roads and highways.

**EXHIBIT 5**
**Page 3 of 8**

Fidelity National Title Company of Oregon
Order No. 45142508828

6.      Easement(s) for the purpose(s) shown below and rights incidental thereto, as granted in a document:

Granted to:        Molalla Telephone Company, an Oregon corporation
Purpose:           Communications line right-of-way
Recording Date:    February 13, 1986
Recording No:      86-005594
Affects:           Reference is hereby made to said document for full particulars

7.      Easement(s) for the purpose(s) shown below and rights incidental thereto, as granted in a document:

Granted to:        Molalla Telephone Company, an Oregon corporation
Purpose:           Communications line right-of-way
Recording Date:    February 13, 1986
Recording No:      86-005595
Affects:           Reference is hereby made to said document for full particulars

8.      Conditions and restrictions as established by the City of Molalla:

Purpose:                   Advance Financing Agreement for public improvement-waterline
Ordinance No. / File No.:  2010-01
Recording Date:            April 13, 2010
Recording No.:             2010-022085

9.      Conditions and restrictions as established by the City of Molalla:

Purpose:                   Annexation
Ordinance No. / File No.:  2014-13
Recording Date:            September 4, 2014
Recording No.:             2014-044861

10.     Terms, provisions and conditions, including, but not limited to, maintenance provisions, and a covenant to share the costs of maintenance, contained in Private Access, Stormwater, And Utility Easement and Maintenance Agreement

Recording Date:    December 8, 2020
Recording No.:     2020-103960

11.     Effect, if any, of that Bargain and Sale Deed
From:  Wesley Ream
To: Raw Foundation
Recording Date: April 6, 2021
Recording No: 2021-035633

12.     Any loss, liability or adverse claim that may arise in the event that Raw Foundation is not an entity capable of holding title in Oregon and/or any claim that may arise from the parties claiming an interest in or ownership of said entity.

13.     Effect, if any, of that Bargain and Sale Deed
From:  Raw Foundation
To: Alpha FOUNDATION
Recording Date: April 10, 2023
Recording No: 2023-011393

Fidelity National Title Company of Oregon
Order No. 45142508828

**EXHIBIT 5**
**Page 4 of 8**

14. Any loss, liability or adverse claim that may arise in the event that Alpha Foundation/Alpha FOUNDATION is not an entity capable of holding title in Oregon and/or any claim that may arise from the parties claiming an interest in or ownership of said entity.

15. Effect, if any, of that Bargain and Sale Deed
    From:  Alpha Foundation
    To: Raw FOUNDATION
    Recording Date: May 12, 2023
    Recording No: 2023-016127

16. Any loss, liability or adverse claim that may arise in the event that Raw Foundation/Raw FOUNDATION is not an entity capable of holding title in Oregon and/or any claim that may arise from the parties claiming an interest in or ownership of said entity.

17. A judgment for the amount shown below, and any other amounts due, entered in the United States District Court:

    Amount:            $1,200,000.00
    Debtor:            Nicole Marie Stevens, now known as Nicole Marie Ream, Wesley Allen Ream, Jr., Wesley Allen Ream, Sr., Mathew Dean Zirbel, Alpha Foundation, Raw Foundation, Onyx Foundation, Skyview Foundation, NWRN Foundation, Cobalt Foundation, Trick Foundation, Face Realities Foundation

    Creditor:          Coralie Jane Stevens, by and through Erin K. Olson, her duly-appointed conservator
    Date entered:      July 9, 2025
    District:          Portland Division, State of Oregon
    Case No:           3:24-cv-00411-SI
    Recording Date:    July 22, 2025
    Recording No:      2025-027970

    **A record of said Judgment was entered August 20, 2025 in Clackamas County under Circuit Court Case No. 24CV45921**

18. A judgment, for the amount shown below, and any other amounts due:

    Amount:            $244.00 Oregon Court Costs plus interest  (Register of Foreign Judgment and Money Award)
    Debtor:            Wesley Allen Ream, Matthew Dean Zirbel, Alpha Foundation, Raw Foundation, Onyx Foundation, Skyview Foundation, NWRN Foundation, Cobalt Foundation, Trick Foundation, Face Realities Foundation
    Creditor:          Coralie Jane Stevens
    Date entered:      August 20, 2025
    County:            Clackamas
    Court:             Circuit
    Case No.:          25CV45921

19. Please be advised that our search did not disclose any open Deeds of Trust of record.  If you should have knowledge of any outstanding obligation, please contact the Title Department immediately for further review.

20. Existing leases and tenancies, if any, and any interests that may appear upon examination of such leases.

**End of Reported Information**

There will be additional charges for additional information or copies.  For questions or additional requests, contact:

Fidelity National Title Company of Oregon
Order No. 45142508828

**EXHIBIT 5**
**Page 5 of 8**

Julie Davis
503-336-9132
julie.davis@titlegroup.fntg.com

**EXHIBIT 5**
**Page 6 of 8**

**EXHIBIT "A"**
Legal Description

**For APN/Parcel ID(s):  01091963**
**For Tax Map ID(s):    52E08BC08703**

A portion of that tract of land conveyed to Stafford Development Company, LLC in deed recorded as Document No. 2020-102551, Clackamas County Deed Records, together with that tract of land conveyed to Stafford Homes & Land LLC by deed recorded as Document No. 2020-057277, Clackamas County Deed Records, being a portion of Tract 27, THE SHAVER PLACE located in the Northwest quarter of Section 8, Township 5 South, Range 2 East of the Willamette Meridian, in the City of Molalla, County of Clackamas and State of Oregon being more particularly described as follows:

Beginning at a point on the North line of that tract of land conveyed to Stafford Development Company, LLC in the deed recorded as Document No. 2020-102551 Clackamas County Deed Records located South 81°44'47" East 150.02 feet from the Southwest comer of Lot 30, BEAR CREEK, Clackamas County Survey Records, thence South 8°38'45" West 222.24 feet to the Northerly right of way line of Oregon State Highway No. 211; thence South 81°32'33" East along said Northerly right of way line 253.85 feet to the East line of Tract 27, THE SHAVER PLACE; thence North 8°40'41" East along the East line of said Tract 27, a distance of  223.14 feet to the Southeast comer of Lot 16, BEAR CREEK, Clackamas County Survey Records; thence North 81°44'47" West along the South line of said BEAR CREEK 253.98 feet to the Point of Beginning.

EXCEPTING THEREFROM that portion described in that certain Street Dedication recorded December 4,2020 as Fee No. 2020 102635.

**EXHIBIT 5**
**Page 7 of 8**

Fidelity National Title Company of Oregon
Order No. 45142508828

## LIMITATIONS OF LIABILITY

"CUSTOMER" REFERS TO THE RECIPIENT OF THIS REPORT.

CUSTOMER EXPRESSLY AGREES AND ACKNOWLEDGES THAT IT IS EXTREMELY DIFFICULT, IF NOT IMPOSSIBLE, TO DETERMINE THE EXTENT OF LOSS WHICH COULD ARISE FROM ERRORS OR OMISSIONS IN, OR THE COMPANY'S NEGLIGENCE IN PRODUCING, THE REQUESTED REPORT, HEREIN "THE REPORT." CUSTOMER RECOGNIZES THAT THE FEE CHARGED IS NOMINAL IN RELATION TO THE POTENTIAL LIABILITY WHICH COULD ARISE FROM SUCH ERRORS OR OMISSIONS OR NEGLIGENCE. THEREFORE, CUSTOMER UNDERSTANDS THAT THE COMPANY IS NOT WILLING TO PROCEED IN THE PREPARATION AND ISSUANCE OF THE REPORT UNLESS THE COMPANY'S LIABILITY IS STRICTLY LIMITED. CUSTOMER AGREES WITH THE PROPRIETY OF SUCH LIMITATION AND AGREES TO BE BOUND BY ITS TERMS

THE LIMITATIONS ARE AS FOLLOWS AND THE LIMITATIONS WILL SURVIVE THE CONTRACT:

ONLY MATTERS IDENTIFIED IN THIS REPORT AS THE SUBJECT OF THE REPORT ARE WITHIN ITS SCOPE. ALL OTHER MATTERS ARE OUTSIDE THE SCOPE OF THE REPORT.

CUSTOMER AGREES, AS PART OF THE CONSIDERATION FOR THE ISSUANCE OF THE REPORT AND TO THE FULLEST EXTENT PERMITTED BY LAW, TO LIMIT THE LIABILITY OF THE COMPANY, ITS LICENSORS, AGENTS, SUPPLIERS, RESELLERS, SERVICE PROVIDERS, CONTENT PROVIDERS AND ALL OTHER SUBSCRIBERS OR SUPPLIERS, SUBSIDIARIES, AFFILIATES, EMPLOYEES, AND SUBCONTRACTORS FOR ANY AND ALL CLAIMS, LIABILITIES, CAUSES OF ACTION, LOSSES, COSTS, DAMAGES AND EXPENSES OF ANY NATURE WHATSOEVER, INCLUDING ATTORNEY'S FEES, HOWEVER ALLEGED OR ARISING, INCLUDING BUT NOT LIMITED TO THOSE ARISING FROM BREACH OF CONTRACT, NEGLIGENCE, THE COMPANY'S OWN FAULT AND/OR NEGLIGENCE, ERRORS, OMISSIONS, STRICT LIABILITY, BREACH OF WARRANTY, EQUITY, THE COMMON LAW, STATUTE OR ANY OTHER THEORY OF RECOVERY, OR FROM ANY PERSON'S USE, MISUSE, OR INABILITY TO USE THE REPORT OR ANY OF THE MATERIALS CONTAINED THEREIN OR PRODUCED, **SO THAT THE TOTAL AGGREGATE LIABILITY OF THE COMPANY AND ITS AGENTS, SUBSIDIARIES, AFFILIATES, EMPLOYEES, AND SUBCONTRACTORS SHALL NOT IN ANY EVENT EXCEED THE COMPANY'S TOTAL FEE FOR THE REPORT.**

CUSTOMER AGREES THAT THE FOREGOING LIMITATION ON LIABILITY IS A TERM MATERIAL TO THE PRICE THE CUSTOMER IS PAYING, WHICH PRICE IS LOWER THAN WOULD OTHERWISE BE OFFERED TO THE CUSTOMER WITHOUT SAID TERM. CUSTOMER RECOGNIZES THAT THE COMPANY WOULD NOT ISSUE THE REPORT BUT FOR THIS CUSTOMER AGREEMENT, AS PART OF THE CONSIDERATION GIVEN FOR THE REPORT, TO THE FOREGOING LIMITATION OF LIABILITY AND THAT ANY SUCH LIABILITY IS CONDITIONED AND PREDICATED UPON THE FULL AND TIMELY PAYMENT OF THE COMPANY'S INVOICE FOR THE REPORT.

THE REPORT IS LIMITED IN SCOPE AND IS NOT AN ABSTRACT OF TITLE, TITLE OPINION, PRELIMINARY TITLE REPORT, TITLE REPORT, COMMITMENT TO ISSUE TITLE INSURANCE, OR A TITLE POLICY, AND SHOULD NOT BE RELIED UPON AS SUCH. THE REPORT DOES NOT PROVIDE OR OFFER ANY TITLE INSURANCE, LIABILITY COVERAGE OR ERRORS AND OMISSIONS COVERAGE. THE REPORT IS NOT TO BE RELIED UPON AS A REPRESENTATION OF THE STATUS OF TITLE TO THE PROPERTY. THE COMPANY MAKES NO REPRESENTATIONS AS TO THE REPORT'S ACCURACY, DISCLAIMS ANY WARRANTY AS TO THE REPORT, ASSUMES NO DUTIES TO CUSTOMER, DOES NOT INTEND FOR CUSTOMER TO RELY ON THE REPORT, AND ASSUMES NO LIABILITY FOR ANY LOSS OCCURRING BY REASON OF RELIANCE ON THE REPORT OR OTHERWISE.

**EXHIBIT 5**
**Page 8 of 8**

Fidelity National Title Company of Oregon
Order No. 45142508828

IF CUSTOMER (A) HAS OR WILL HAVE AN INSURABLE INTEREST IN THE SUBJECT REAL PROPERTY, (B) DOES NOT WISH TO LIMIT LIABILITY AS STATED HEREIN AND (C) DESIRES THAT ADDITIONAL LIABILITY BE ASSUMED BY THE COMPANY, THEN CUSTOMER MAY REQUEST AND PURCHASE A POLICY OF TITLE INSURANCE, A BINDER, OR A COMMITMENT TO ISSUE A POLICY OF TITLE INSURANCE.  NO ASSURANCE IS GIVEN AS TO THE INSURABILITY OF THE TITLE OR STATUS OF TITLE.  CUSTOMER EXPRESSLY AGREES AND ACKNOWLEDGES IT HAS AN INDEPENDENT DUTY TO ENSURE AND/OR RESEARCH THE ACCURACY OF ANY INFORMATION OBTAINED FROM THE COMPANY OR ANY PRODUCT OR SERVICE PURCHASED.

NO THIRD PARTY IS PERMITTED TO USE OR RELY UPON THE INFORMATION SET FORTH IN THE REPORT, AND NO LIABILITY TO ANY THIRD PARTY IS UNDERTAKEN BY THE COMPANY.

CUSTOMER AGREES THAT, TO THE FULLEST EXTENT PERMITTED BY LAW, IN NO EVENT WILL THE COMPANY, ITS LICENSORS, AGENTS, SUPPLIERS, RESELLERS, SERVICE PROVIDERS, CONTENT PROVIDERS, AND ALL OTHER SUBSCRIBERS OR SUPPLIERS, SUBSIDIARIES, AFFILIATES, EMPLOYEES AND SUBCONTRACTORS BE LIABLE FOR CONSEQUENTIAL, INCIDENTAL, INDIRECT, PUNITIVE, EXEMPLARY, OR SPECIAL DAMAGES, OR LOSS OF PROFITS, REVENUE, INCOME, SAVINGS, DATA, BUSINESS, OPPORTUNITY, OR GOODWILL, PAIN AND SUFFERING, EMOTIONAL DISTRESS, NON-OPERATION OR INCREASED EXPENSE OF OPERATION, BUSINESS INTERRUPTION OR DELAY, COST OF CAPITAL, OR COST OF REPLACEMENT PRODUCTS OR SERVICES, REGARDLESS OF WHETHER SUCH LIABILITY IS BASED ON BREACH OF CONTRACT, TORT, NEGLIGENCE, THE COMPANY'S OWN FAULT AND/OR NEGLIGENCE, STRICT LIABILITY, BREACH OF WARRANTIES, FAILURE OF ESSENTIAL PURPOSE, OR OTHERWISE AND WHETHER CAUSED BY NEGLIGENCE, ERRORS, OMISSIONS, STRICT LIABILITY, BREACH OF CONTRACT, BREACH OF WARRANTY, THE COMPANY'S OWN FAULT AND/OR NEGLIGENCE OR ANY OTHER CAUSE WHATSOEVER, AND EVEN IF THE COMPANY HAS BEEN ADVISED OF THE LIKELIHOOD OF SUCH DAMAGES OR KNEW OR SHOULD HAVE KNOWN OF THE POSSIBILITY FOR SUCH DAMAGES.

END OF THE LIMITATIONS OF LIABILITY

**EXHIBIT 6**
**Page 1 of 3**

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF MULTNOMAH
1200 SW FIRST AVENUE
PORTLAND OREGON 97204

**State of Oregon**
vs
**Nicole Marie Stevens**

**Case No:** 21CR55764

**SUPPLEMENTAL JUDGMENT**
  **X**  Restitution
  ____  Compensatory Fine

Case Filed: 11/15/2021
DA No. 2434291-1A

Count:    1-4    Convicted Offense:     AGTH, CMT1, AGTH, CMT1

The Court finds that the victim(s) of the above convicted offense sustained economic damages as a result of defendant's conduct.

Defendant is ordered to pay the following restitution/compensatory fine total amount to the court to be disbursed to the payee(s) named below; if probation is imposed on this conviction, payment of this monetary obligation is a condition of probation:

**Money Award for Restitution and Compensatory Fines**

Judgment Creditor: State of Oregon

Judgment Debtor: Nicole Marie Stevens

| Victim/Payee: | Amount: | Rest: | Comp: | Joint & Several with: |
|---|---|---|---|---|
| Coralie J. Stevens | $ 658, 249.90 | A | | |
| | $ | | | |
| | $ | | | |
| | $ | | | |

**Total Amount Imposed on this count:**     $   **658,249.90**

Payees are to be paid as set out in the Award and Payment Information (Form 06-60).

Payment schedule: payment of the monetary obligation imposed in this Supplemental Judgment Money Award shall be scheduled by the clerk of the court or, if a payment schedule is in place on the underlying judgment of conviction, added onto the financial obligations in that payment schedule and shall be disbursed as provided by law for payment.

EXHIBIT 6
Page 2 of 3

To effectuate the victim's constitutional right to prompt restitution and in light of the evidence presented at trial demonstrating that the Molalla property and the equipment and vehicles in the custody of the Multnomah County Sheriff's Office were purchased with funds stolen from the victim, victim Coralie Stevens is granted a constructive trust of the following real and personal property:

Real Property:

Real property in the County of Clackamas, State of Oregon, described as follows:

A portion of that tract of land conveyed to Stafford Development Company, LLC in deed recorded as Document No. 2020-102551, Clackamas County Deed Records, together with that tract of land conveyed to Stafford Homes & Land LLC by deed recorded as Document No. 2020-057277, Clackamas County Deed Records, being a portion of Tract 27, The Shaver Place located in the Northwest quarter of Section 8, Township 5 South, Range 2 East of the Willamette Meridian, Clackamas County, Oregon being more particularly described as follows:

• Beginning at a point on the North line of that tract of land conveyed to Stafford Development Company, LLC in the deed recorded as Document No. 2020-102551 Clackamas County Deed Records located South 81°44'47" East 150.02 feet from the Southwest corner of Lot 30, Bear Creek, Clackamas County Survey Records,

• thence South 8°38'45" West 222.24 feet to the Northerly right of way line of Oregon State Highway No. 211;

• thence South 81°32'33" East along said Northerly right of way line 253.85 feet to the East line of Tract 27, The Shaver Place;

• thence North 8°40'41" East along the East line of said Tract 27, 223.14 feet to the Southeast corner of Lot 16, Bear Creek, Clackamas County Survey Records;

• thence North 81°44'47" West along the South line of said Bear Creek 253.98 feet to the Point of Beginning.

EXCEPTING THEREFROM that portion described in that certain Street Dedication recorded December 4, 2020 as Fee No. 2020 102635.

**EXHIBIT 6**
**Page 3 of 3**

The common address of which said property is:  1011 W. Main Street, Molalla, Clackamas County, Oregon, 97038, Tax Account No. 01091963.


Personal Property


1.  1999 White Bobcat 337, VIN 515412442
2.  2018 Red Maxey Trailer, VIN 5R8BA2020JM055795
3.  2008 Black Ford F450 Pickup, VIN 1FTXW43R58EB46424, Oregon Reg'n 928GVL


The real and personal property described above shall be sold by Coralie Stevens, through her conservator, and after payment of expenses of the sale, the net proceeds shall be applied to the balance due in the restitution awarded in this supplemental judgment.


8/1/2023 9:00:45 AM


_____

**Circuit Court Judge Shelley D. Russell**

# IN THE CIRCUIT COURT OF THE STATE OF OREGON FOR THE COUNTY OF MULTNOMAH

| | | |
|---|---|---|
| State of Oregon, | ) | |
| Plaintiff | ) | |
| | ) | Case No.: 21CR55764 |
| vs. | ) | |
| | ) | JUDGMENT |
| | ) | |
| Nicole Marie Stevens, | ) | Case File Date: 11/15/2021 |
| Defendant | ) | District Attorney File #: 2434291-1A |

## DEFENDANT

True Name: Nicole Marie Stevens                    Sex: Female
Date Of Birth: 08/23/1970                               State Identification No (SID): 08222932OR
Fingerprint Control No (FPN): CMUL121059828

## HEARING

Proceeding Date: 04/21/2023
Judge: Shelley D Russell
Court Reporter: Recording, FTR

Defendant appeared in person and was in custody. The defendant was represented by Attorney(s) David B Peters, OSB Number 813351. Plaintiff appeared by and through Attorney(s) Cody W Linderholm, OSB Number 194042.

## COUNT(S)

It is adjudged that the defendant has been convicted on the following count(s):

### Count 1 : Aggravated Theft in the First Degree

Count number 1, Aggravated Theft in the First Degree, 164.057, Felony Class B, committed on or about 06/08/2020. Conviction is based upon a Jury Verdict of Guilty on 03/01/2023.

Sentencing Guidelines

The Crime Severity Classification (CSC) on Count Number 1 is 8 and the Criminal History Classification (CHC) is I.

This sentence is pursuant to the following special factors:
- This is a Presumptive Sentence

## Incarceration

Defendant is sentenced to the custody of Oregon Dept of Corrections, for a period of 16 month(s). Defendant is remanded to the custody of the Multnomah Sheriff for transportation to the Oregon Dept of Corrections for service of this sentence. Defendant may receive credit for time served.

The Defendant may be considered by the executing or releasing authority for any form of Reduction in Sentence, Conditional or Supervised Release Program, Temporary Leave From Custody, Work Release authorized by law for which the Defendant is otherwise eligible at the time of sentencing. By findings stated on the record. The Defendant may be considered for release on post-prison supervision under ORS 421.508(4) upon successful completion of an alternative incarceration program.

## Post-Prison Supervision

The term of Post-Prison Supervision is 36 month(s). If the Defendant violates any of the conditions of post-prison supervision, the defendant shall be subject to sanctions including the possibility of additional imprisonment in accordance with the rules of the State Sentencing Guidelines Board.

## Statutory Provisions

Defendant is ordered to submit blood or buccal sample and thumbprint pursuant to ORS 137.076.

## Monetary Terms

Defendant shall be required to pay the following amounts on this count:

Fees and Assessments: Payable to the Court.

| Type | Amount | Modifier | Reduction | Actual Owed |
|---|---|---|---|---|
| Fine - Criminal | $200.00 | Waived | $200.00 | $0.00 |
| Total | $200.00 | | $200.00 | $0.00 |

Waive all fines, fees, and assessments.

### Count 2 : Criminal Mistreatment in the First Degree

Count number 2, Criminal Mistreatment in the First Degree, 163.205, Felony Class C, committed on or about 06/08/2020. Conviction is based upon a Jury Verdict of Guilty on 03/01/2023.

Sentencing Guidelines

The Crime Severity Classification (CSC) on Count Number 2 is 7 and the Criminal History Classification (CHC) is I.

State of Oregon vs Nicole Marie Stevens, Case No. 21CR55764

**EXHIBIT 7**
**Page 3 of 6**

This sentence is pursuant to the following special factors:
- This is a Presumptive Sentence

Probation

Defendant is sentenced to Supervised Probation for a period of 36 month(s) and shall be subject to the following conditions of Probation:

Defendant is subject to the following general conditions of probation (ORS 137.540):

- Conditions concurrent with Count 4

Statutory Provisions

Defendant is ordered to submit blood or buccal sample and thumbprint pursuant to ORS 137.076.

Monetary Terms

Defendant shall be required to pay the following amounts on this count:

Fees and Assessments: Payable to the Court.

| Type | Amount | Modifier | Reduction | Actual Owed |
|---|---|---|---|---|
| Fine - Criminal | $200.00 | Waived | $200.00 | $0.00 |
| Total | $200.00 | | $200.00 | $0.00 |

Waive all fines, fees, and assessments.

## Count 3 : Aggravated Theft in the First Degree

Count number 3, Aggravated Theft in the First Degree, 164.057, Felony Class B, committed on or about 05/29/2020. Conviction is based upon a Jury Verdict of Guilty on 03/01/2023.

Sentencing Guidelines

The Crime Severity Classification (CSC) on Count Number 3 is 8 and the Criminal History Classification (CHC) is C.

This sentence is pursuant to the following special factors:
- This is a Presumptive Sentence

Incarceration

Defendant is sentenced to the custody of Oregon Dept of Corrections, for a period of 29 month(s). Defendant is remanded to the custody of the Multnomah Sheriff for transportation to the Oregon Dept of Corrections for service of this sentence. Defendant may receive credit for time served.

The Defendant may be considered by the executing or releasing authority for any form of Reduction in Sentence, Conditional or Supervised Release Program, Temporary Leave From Custody, Work Release authorized by law for which the Defendant is otherwise eligible at the time of sentencing. Good Time; AIP allowed. By findings stated on the record. The Defendant may be considered for release on post-prison supervision under ORS 421.508(4) upon successful completion of an alternative incarceration program.

This sentence shall be concurrent with the following cases Counts 1 and 2.

Post-Prison Supervision

The term of Post-Prison Supervision is 36 month(s). If the Defendant violates any of the conditions of post-prison supervision, the defendant shall be subject to sanctions including the possibility of additional imprisonment in accordance with the rules of the State Sentencing Guidelines Board.

Statutory Provisions

Defendant is ordered to submit blood or buccal sample and thumbprint pursuant to ORS 137.076.

Monetary Terms

Defendant shall be required to pay the following amounts on this count:

Fees and Assessments: Payable to the Court.

| Type | Amount | Modifier | Reduction | Actual Owed |
|---|---|---|---|---|
| Fine - Criminal | $200.00 | Waived | $200.00 | $0.00 |
| Total | $200.00 | | $200.00 | $0.00 |

Waive all fines, fees, and assessments.

### Count 4 : Criminal Mistreatment in the First Degree

Count number 4, Criminal Mistreatment in the First Degree, 163.205, Felony Class C, committed on or about 06/08/2020. Conviction is based upon a Jury Verdict of Guilty on 03/01/2023.

Sentencing Guidelines

Probation

Defendant is sentenced to Supervised Probation for a period of 36 month(s) and shall be subject to the following conditions of Probation:

Defendant is subject to the following general conditions of probation (ORS 137.540):

- No personal contact with the victim Coralie Stevens.
- As a condition of probation, defendant is required to convey the property purchased with stolen funds(equipment/farm equipment, vehicle(s), and real property), unencumbered to Coralie Stevens within 30 days of entry of restitution judgement. The remaining balance of restitution owed after liquidation of the property to be paid within 1 year of sentencing.
- Restitution hearing set on 7/28/2023 at 1 in Courtroom 15C.

Statutory Provisions

Defendant is ordered to submit blood or buccal sample and thumbprint pursuant to ORS 137.076.

Monetary Terms

Defendant shall be required to pay the following amounts on this count:

Fees and Assessments: Payable to the Court.

| Type | Amount | Modifier | Reduction | Actual Owed |
|---|---|---|---|---|
| Fine - Criminal | $100.00 | Waived | $100.00 | $0.00 |
| Total | $100.00 | | $100.00 | $0.00 |

Waive all fines, fees, and assessments. Restitution to remain open for 90 days.

If convicted of a felony or a crime involving domestic violence, you may lose the right to buy, sell, transport, receive, or possess a firearm, ammunition, or other weapons in both personal and professional endeavors pursuant to ORS 166.250, ORS 166.291, ORS 166.300, and/or 18 USC 922(g).

## MONEY AWARD

**Judgment Creditor: State of Oregon**
**Judgment Debtor: Nicole Marie Stevens**

Payees are to be paid as ordered under Monetary Terms.

Money Award total does not include reduced amounts of $700.00 as stated in the individual counts.

The court may increase the total amount owed by adding collection fees and other assessments. These fees and assessments may be added without further notice to the defendant and without further court order.

Subject to amendment of a judgment under ORS 137.107, money required to be paid as a condition of probation remains payable after revocation of probation only if the amount is included in the money award portion of the judgment document, even if the amount is referred to in other parts of the judgment document.

Any financial obligation(s) for conviction(s) of a violation, which is included in the Money Award, creates a judgment lien.

**Payment Schedule**

Payment of the fines, fees, assessments, and/or attorney's fees noted in this and any subsequent Money Award shall be scheduled by the clerk of the court pursuant to ORS 161.675.

Payable to:

**Multnomah County Circuit Court**
**1200 SW First Avenue**
**Portland, Oregon 97204**
**P: 971-274-0545**
**F: http://courts.oregon.gov/multnomah**

Dated the _____ day of _____ , 20 _____

5/1/2023 1:43:40 PM

Signed: _____

Shelley D Russell

**Circuit Court Judge Shelley D. Russell**

# OnPoint

**COMMUNITY CREDIT UNION**

P.O. Box 3750
Portland, OR 97208
503.228.7077 | 800.527.3932
onpointcu.com

**EXHIBIT 8**
**Page 1 of 2**

Member Number:  ▮▮▮▮▮
Member Name:    Onyx Foundation  AS
                Nicole M Stevens

Transaction Date:  02-01-21
Transaction Time:  09:09:08
Operator:          1861

Withdrawal Account  ▮▮▮▮▮  BUSINESS SAVINGS
Amount:             201979.04
PAYEES    First American Title Insurance

Disbursed Amount:  201979.04       IN CHECK
Payees:            First American Title Insurance
                   Company

Memo:              Ordl: 4463523 Exp: 08/23/2028
                   Onpoint 10/23

*Immediate availability of deposited funds unless indicated.

## Thank you for your business.


0000000000001115          $201,979.04      Check #  11825673          02/02/2021      Seq #   99010511



THE REVERSE SIDE OF THIS DOCUMENT INCLUDES A TRUE WATERMARK · HOLD TO LIGHT TO VIEW

# OnPoint
COMMUNITY CREDIT UNION

| DATE | | CHECK NO :   011825673 |
| 02-01-21 | 24-7588 / 3230 | **CASHIER'S CHECK** |

**AMOUNT**
******201,979.04

PAY   TWO HUNDRED ONE THOUSAND NINE HUNDRED
      SEVENTY- NINE AND .04 DOLLARS

TO THE
ORDER   First American Title Insurance
OF      Company

REF

Robert A. _____
AUTHORIZED SIGNATURE

⑈323075880⑈1115⑈

**Printed Date:**  2/18/2021 10:55:08AM

Page 1 of 1

**EXHIBIT 9**
**Page 1 of 1**

| American Land Title Association | ALTA Settlement Statement – Buyer |
|---|---|
| | Adopted 05-01-2015 |

File No.: 7000-3652801

Printed: 02/02/2021, 7:31 AM

Officer/Escrow Officer: Joyce Jameson/CH

Settlement Location:

5335 SW Meadows Road, Suite 100, Lake Oswego, OR 97035

**First American Title Insurance Company**

**5335 SW Meadows Road, Suite 100 • Lake Oswego, OR 97035**
**Phone: (503)350-5005   Fax: (866)656-1602**
**Estimated Settlement Statement**



I hereby certify that this is a true and correct copy of the original.

First American Title Company of Oregon

Property Address: 1011 West Main Street, Molalla, OR 97038

Short Legal Info:

Buyer:  Wesley A. Ream

Seller:  Stafford Holdings, LLC

Lender:  Lender To Be Determined

Settlement Date: 02/02/2021

Disbursement Date:

By_____

| Description | Buyer Debit | Buyer Credit |
|---|---|---|
| **Financial** | | |
| Sale Price | 200,000.00 | |
| Deposit:  Receipt No. 700094077 on 02/01/2021 by Wesley A. Ream | | 201,979.04 |
| | | |
| **Prorations/Adjustments** | | |
| County Taxes  02/02/21 to 07/01/21  @$2,545.37/yr | 1,039.07 | |
| | | |
| **Title Charges & Escrow / Settlement Charges** | | |
| Title - E-recording Fee<br>E-recording Fee  to First American Title Insurance Company | 5.00 | |
| Title - Escrow Fee<br>Escrow/Closing Fee  to First American Title Insurance Company | 825.00 | |
| | | |
| **Government Recording and Transfer Charges** | | |
| Record First Grant/Warranty Deed<br>Record Warranty Deed-First  to Clackamas County Clerk | 103.00 | |
| | | |
| **Subtotals** | 201,972.07 | 201,979.04 |
| Due To Buyer | 6.97 | |
| Totals | 201,979.04 | 201,979.04 |

Our wire instructions do not change.  Our banking institution is First American Trust.  If you receive an email or other communication that appears to be from us or another party involved in your transaction instructing you to wire funds to a bank other than First American Trust, you should consider it suspect and you must call our office at an independently verified phone number.  Do not inquire with the sender.

This is a summary of the closing transaction prepared by First American Title Insurance Company. This document is not intended to replace the Closing Disclosure form.

Copyright 2015 American Land Title Association.
All rights reserved

Page **1** of **2**

File # 7000-3652801
Printed on 02/02/2021 at 7:31 AM

**CJS 000617**

**EXHIBIT 10**
**Page 1 of 14**

After recording return to:
Clackamas County Counsel
2051 Kaen Road
Oregon City, OR  97045

Clackamas County Official Records
Catherine McMullen, County Clerk
2026-017669

**NO FEE**

0279593120260017669014 0148

04/29/2026 10:44:20 AM

CLR-J          Cnt=1  Stn=110  LILLIE
This is a no fee document

## BEFORE THE CLACKAMAS COUNTY BOARD OF COMMISSIONERS
### COMPLIANCE HEARINGS OFFICER

### LIEN RECORD ABSTRACT

| | |
|---|---|
| COUNTY OF CLACKAMAS,<br>2051 Kaen Road<br>Oregon City, OR  97045 | )  V0009824<br>)<br>)<br>) |
| Petitioner, | ) |
| v. | )<br>) |
| SKYVIEW FOUNDATION, FACE<br>REALITIES FOUNDATION, TRICK<br>FOUNDATION & COBALT<br>FOUNDATION, | )  Recording Label<br>) |
| Respondents. | |

The undersigned states:

Persons Subject to Lien (Debtors)- Skyview Foundation, Face Reality Foundation, Trick Foundation & Cobalt Foundation.

1. Respondents  Skyview Foundation, Face Reality Foundation, Trick Foundation & Cobalt Foundation were ordered by the Clackamas County Compliance Hearings Officer to pay Clackamas County civil penalties and costs for violations of the Clackamas County Code as indicated in the Final/Default Order dated February 3, 2026.

2. Amount Awarded.

    The total amount of civil penalties awarded is: $3500.00
    The total amount of fines awarded is: $0
    The total Administrative Compliance Fee is: $600.00
    For a total of $4100.00.

3. Previous Payments. The Respondents have made no payment to the County. A total cost of $4100.00 remains unpaid to the County as ordered by the Compliance Hearings Officer.

Page 1 of 4 – Lien Record Abstract

2026-017669

4. <u>Personal Identifying Information of Debtor.</u>

    Name:

    Current Address:

    Skyview Foundation, Face Reality Foundation, Trick Foundation & Cobalt Foundation
    14751 S Leabo Rd.
    Molalla, OR  97038

5. <u>Creditor Information:</u>

    Clackamas County Department of Transportation and Development
    Code Enforcement Section
    150 Beavercreek Road, Oregon City, OR 97045

6. <u>Authority for Lien; Authority for Recording.</u>

    Pursuant to ORS 30.460 Respondents are personally liable to the County for the full amount awarded in the hearings officer order and the award may be recorded in the County Clerk Lien Record.  The County requests that this lien record abstract be recorded in the County Clerk Lien Record.

7. <u>Real Property Affected.</u>

    All real property of Respondents Skyview Foundation, Face Reality Foundation, Trick Foundation & Cobalt Foundation, now owned or hereafter acquired in Clackamas County.

    Additionally, the following described real property of Respondent(s) is specifically affected by this lien: Address 15021 S Macksburg Rd., Molalla, OR  97038, Township 5, Range 2E, Section 3A, Tax Lot 1400. Pursuant to ORS 205.125 this lien only applies to the property of Respondent so long as it is owned by Respondent as described in recording number 2022-040794.

The undersigned person hereby executes this abstract this 21st day of April 2026.

Andrea Hall
Senior Code Enforcement Specialist
Code Enforcement Section
Department of Transportation and Development

Page 2 of 4 – Lien Record Abstract

2026-017669

State:     Oregon
County:    Clackamas County

This instrument was acknowledged before me on ~~April~~ ~~31st~~, ~~2026~~ by
~~Andrea~~ ~~Hall~~ as public officer of Clackamas County Code
Enforcement Section.

Notary Public for Oregon: ~~Shirley Cass-Crosby~~

My Commission Expires: ~~12/13.2027~~

OFFICIAL STAMP
**SHIRLEY ANN CASS-CROSBY**
NOTARY PUBLIC - OREGON
COMMISSION NO. 1042725
MY COMMISSION EXPIRES DECEMBER 13, 2027

Page 3 of 4 – Lien Record Abstract

2026-017669

**EXHIBIT 10**
**Page 4 of 14**

<u>Copy sent to:</u>
Skyview Foundation
Face Reality Foundation
Trick Foundation
Cobalt Foundation
14751 S Leabo Rd.
Molalla, OR  97038

Page 4 of 4 – Lien Record Abstract

2026-017669

BEFORE THE COMPLIANCE HEARINGS OFFICER
CLACKAMAS COUNTY, OREGON

COUNTY OF CLACKAMAS,

Petitioner,

v.

SKYVIEW FOUNDATION, FACE
REALITIES FOUNDATION, TRICK
FOUNDATION & COBALT FOUNDATION,

Respondents.

File No(s): V0009824

FINAL ORDER

## I.     STATEMENT OF THE CASE

As Compliance Hearings Officer for Clackamas County, I held a hearing on March 11, 2025 at approximately 9:30 a.m. in the matter of Skyview Foundation, Face Foundation, Trick Foundation, and Cobalt Foundation (Respondents) at the County's Development Services Building located at 150 Beavercreek Road in Oregon City via the Zoom platform. The County provided written and/or oral explanation of the procedure for participating in the hearing via the Zoom platform and/or by telephone. The Compliance Hearing Officer has jurisdiction to hear the matter pursuant to Clackamas County Code, § 2.07.020. Caleb Huegel, Assistant County Counsel, appeared on behalf of the County. Shane Potter, County Code Enforcement Specialist, appeared and provided witness testimony on behalf of the County. The Respondents' representative, Wes Ream, appeared and provided witness testimony and advocacy on behalf of Respondents. Deanna Vaughn and Jeff Atkins appeared and provided witness testimony in support of the County's complaint. The witnesses declared by oath or affirmation the truthfulness of their testimony. The Compliance Hearings Officer did not receive any written or oral ex parte communication on a fact in issue during the pendency of the proceedings.

Mr. Ream objected to the hearing taking place, reporting that Respondents' first attorney in this matter resigned and asserting Respondents' new attorney required additional time to review the matter and prepare for a hearing. Prior to the hearing, Mr. Ream's new attorney, Mr. Ezra Hammer, submitted a request for a 90-day continuance for this hearing. As Compliance Hearings Officer I noted that the hearing was originally set for December 12, 2024, had been reset at the request of Respondents to February 13, 2025, and reset again at the request of Respondents to March 11, 2025. I reviewed the pre-hearing submissions and noted that the hearing was requested by Respondents to contest a notice of violation issued by the County. I further noted that the County offered hearing dates in April, but did not agree to dates after April. I also noted that the County is seeking an order requiring Respondents to adhere to the requirements of Title 12 of the Clackamas County Zoning and Development Ordinance Code Sections 401.04, 406.04, and 703.04, alleging development within the protected floodplain of the Molalla River without a permit.[1] Further, I noted that the exhibits submitted by the County show a dump truck and heavy machinery including a back hoe/excavator that appears to be on the subject property, show large amounts of fill and associated grading work, and include photos and videos showing heavy machinery including a backhoe/excavator being used in an area that appears immediately adjacent to the Molalla

---

[1] The notice alleges Respondents have violated several provisions of the County's ZDO including Title 12 Section 703 related to vegetation and tree removal and fill and grading work within the protected area of the Floodplain Management District (FMD), requiring they take certain actions by no later than October 24, 2024 to abate the asserted violation, including: 1. obtain a "No Rise" certificate, and 2. discontinue further fill and grading until a permit or similar approval is obtained.

1 of 10 – FINAL ORDER

River or on an island within the river lying immediately adjacent to or within the subject property. Based upon the foregoing, I denied the requested continuance and denied Mr. Ream's objection. There were no other objections and I received the evidence offered, a record of which I incorporate in the decision in this matter. The record is on file with the County. The County presented evidence in support of its Complaint, including a Statement of Proof, Exhibits marked A through I, and witness testimony. The Respondent provided witness testimony and advocacy by Mr. Ream. The Compliance Hearings Officer made an audio record of the hearing.

## II. ISSUE

Whether Respondents violated the Clackamas County Zoning and Development Ordinance, Title 12, Sections 401.04, 406.04, and 703.04. Specifically, the County alleges that: "Work is taking place within the Floodplain Management District (FMD)." This alleged violation is a Priority 1 violation pursuant to the Clackamas County Violation Priorities.

## III. FINDINGS OF FACT

1.  Respondents' mailing address is: 14751 S Leabo Rd., Molalla, OR 97038. Respondents own and/or reside on property located at 15021 S Macksburg Rd., Molalla, OR 97038 and other No Situs, also known as T5S, R2E, Section 03A, Tax Lots 01400, 01401, 01402, and 01403, located within Clackamas County (the "Property"). All four parcels of the Property are zoned both Exclusive Farm Use (EFU) and Timber (TBR). The Property is the location of the violations asserted by the County. Page 1 of Exhibit A shows the rough location of the four tax lots comprising the subject Property, and the rough location of the Molalla River. This Exhibit depicts the Molalla River flowing entirely through the subject Property. This Exhibit also shows two islands within the Molalla River are almost entirely within the subject Property. Page 2 of Exhibit A shows the area within the Floodplain Management District. Page 3 of Exhibit A is a 2018 aerial photo of the Property and Page 4 is a 2023 aerial photo of the Property. Page 5 of Exhibit A is a January 23, 2024 email County Code Enforcement Specialist (CES) Shane Potter sent to the Respondents' representative, Wes Ream, and the Respondents' engineer, Dan Symons, from previous County Code Enforcement violation file no. V0036020.[2] In this email, CES Potter states: "Thank you for addressing the issues related to this file. I have closed this violation for this file. After review with the Planning and Zoning Division the 1997 permits have been completed as part of this work. Any future work on the bank wall will require a no rise permit (Floodplain Management Permit) through the Planning and Zoning Division." (Exhibits A-I)

2.  On March 20, 2024, Clackamas County received a complaint about work occurring in the river and along the bank of the Property. On March 27, 2024, Shane Potter, County Code Enforcement Specialist (CES), mailed correspondence to the Respondents advising them of alleged work occurring within the Floodplain Management District that may constitute a violation of the County Zoning and Development Ordinance. The mail was sent to the Respondents' address listed in the Assessor Records and to TT Administrative Services LLC. The mail sent to TT Administrative Services LLC was returned. The mail sent to the Respondents address listed in the Assessor Records

---

[2] This code enforcement matter concerned vegetation and tree removal on islands within the Molalla River.

2 of 10 – FINAL ORDER

(Respondents mailing address) was not returned. On April 4, 2024, CES Potter performed a site visit and took photos of the area. These photos show areas where large amounts of fill materials have apparently been placed on the subject Property raising the level of these areas of the Property in some areas by as much as two or more feet. These photos show a dump truck and other heavy equipment on the Property. (Exhibits B, C)

3.    On April 5, 2024, CES Potter spoke with Respondents' former attorney, Frank Hammond, who stated he represented Respondents. CES Potter reports discussing the complaint the County received with Mr. Hammond. CES Potter also reports explaining to Mr. Hammond that a previous decision determined that this work was complete for a prior land use decision and that any further work would require a new land use review. On April 15 & 16, 2024, CES Potter received photos from a complainant with regards to work occurring in the protected area. These photos show a dump truck on the Property and areas where large amounts of fill materials have apparently been placed on the Property raising the level of these areas of the Property by as much as two or more feet in areas not shown in the photos taken by CES Potter on April 4, 2024.    (Exhibit D)

4.    On May 29, 2024 and again on June 10, 2024 & June 17, 2024, CES Potter sent emails to Respondents' attorney, Frank Hammond, discussing the asserted violation. On June 17, 2024, CES Potter spoke with Respondents' attorney Frank Hammond, who reported that his client contends he has not done anything other than move some concrete blocks out to avoid erosion. On August 8, 2024, CES Potter receive a photo and videos from a second complainant with regards to work occurring in the protected area. The photo shows an excavator being used in an area that appears immediately adjacent to the Molalla River. The videos show the excavator being used in an area immediately adjacent to the Molalla River. On August 17, 2024, CES Potter received additional videos from the second complaint with regards to work occurring in the protected area of the Molalla River. The videos show a dump truck dumping fill materials and an excavator or track hoe being used in the area adjacent to the Molalla River and out onto the island within the Molalla adjacent to the Property, also showing several large concrete blocks such as are used in revetment walls and large piles of fill materials and vegetation debris. (Exhibits E, F G)

5.    On September 24, 2024, CES Potter mailed a Notice of Violation to the Respondents with a deadline for abatement by October 24, 2024. The mail was not returned. The Notice asserts violations of the County's Zoning and Development Ordinance, citing Title 12 Sections 401.04, 406.04 and 703.04 related to vegetation, tree removal, fill and grading within the protected area of the Floodplain Management District (FMD) and included instructions for abating the violations and deadlines for completing certain actions, including obtaining a "No Rise" certificate or permit, also known as a Floodway Development Permit, noting that County Planning had stated there may be additional engineering that can be done to state it is consistent with the previous permit. The notice required the Respondent to discontinue further fill and grading until such permit and/or approval was obtained. Among other things, the correspondence included notice of fees, potential fines and civil penalties, and other potential consequences for failing to abate the violations. (Exhibit H)

3 of 10 – FINAL ORDER

6.    On October 7, 2024, the Respondents' former attorney, Frank Hammond, submitted a request for a hearing. The County referred this matter to the Clackamas County Code Compliance Hearings Officer, sending the Respondents Notice of Hearing in this matter, together with Notice of Rights, and information concerning the Zoom meeting and hearing information and exhibits submitted by the County. (Exhibit I)

7.    Assistant County Counsel Caleb Huegel asserts that this is a simple case concerning a violation of ZDO Section 703. Mr. Huegel points out that there is an island in the Molalla River at the location adjacent to the Respondents' Property, that most of the Respondents' Property is within the regulated floodway, which includes the river itself, the island, and the shore area or riverbank. Mr. Huegel notes that streambank protection measures are subject to permitting requirements, further noting that the Respondents obtained a permit in 1997 to install a rock riprap wall. Mr. Huegel contends that the work under the 1997 permit was completed and does not include bringing in fill or concrete.

8.    Respondents' representative, Wes Ream, reiterated his objection that the hearing is "not just" asserting that he needs more time to obtain the assistance of counsel. He states that his house is within four feet of flooding. Mr. Ream contends that his neighbors have been trespassing, further contends that other neighbors are engaged in streambank protection measures without permits, and asserts the work is not on his property. Mr. Ream further states that some of the heavy equipment that is shown in the exhibits is related to improvements to a driveway.

9.    Deanna Vaughn is a neighbor, with the Respondents' Property (she refers to it as Mr. Ream's Property) surrounding her own property on the river side. Ms. Vaughn describes witnessing multiple instances of trees on the Respondent's Property along the river taken down, equipment taken across the river onto the island, multiple dump trucks of fill and dirt taken to the Property, and use of a bucket loader on the island and riverbank area. Ms. Vaughn testified that she took the videos submitted to the County. Jeff Atkins is also a neighbor who testified that his wife took videos and photos that were submitted to the County, explaining that her phone takes better videos and pictures than his. Mr. Atkins testified that he also witnessed the orange track hoe used in the floodway on the Respondents' Property, as well as a bulldozer shown over the river side of the berm or bank wall that runs parallel to the river on the Respondent's Property. Mr. Atkins explained that the berm was built for flood protection and lies between the river and the house on the Respondents' Property.

10.    The County requested a Continuing Order requiring the Respondents to obtain a no rise permit for work done within the Floodplain Management District within 60 days from the date of the hearing and discontinue further fill and grading until permits and approvals are obtained. As Compliance Hearings Officer, I found that the County met its burden of proving the violation by a preponderance of the evidence, finding the evidence submitted in this matter substantial. I issued a Continuing Order consistent with the County's request, keeping the record open as described for post-hearing submittals.

4 of 10 – FINAL ORDER

11.   The County requested a Continuing Order requiring abatement of the violations. The Hearings Officer discussed the order with the participants, issuing a Continuing Order requiring abatement of the Zoning and Development Ordinance violations consistent with that discussion. Specifically, the Hearings Officer's March 17, 2025 Continuing Order required the following:

   • The Respondents are ordered to bring the Property into compliance with the Clackamas County Zoning and Development Ordinance by obtaining a Floodway Development Permit (also referred to as a "No Rise" permit) from the County within 60 days from the date of the hearing **(by no later than May 12, 2025 due to the weekend)**.

   • The Respondents shall discontinue any further fill and/or grading work on the Property until a permit for such work and/or approval for such work is obtained through the County. Respondents shall schedule a site inspection with County staff to confirm requirements for any fill and/or grading permits, and any vegetation replanting requirements, for work that has already taken place on the Property.

12. The Continuing Order also required the County to provide a post-hearing status report advising whether the violations were abated as required. CES Potter provided a January 22, 2026 written post hearing status report reporting that:

   A review of the file shows the Respondents began working with the County and a consultant to address the violation however, there has been no contact for the past few months, and no applications have been made to address the violation. No application and no contact have occurred, and we are well past the 60 days provided by the Hearings Officer decision. The Respondents have not obtained nor applied for the Floodplain Development Permit as of the date of this report from Planning and Zoning.

13. The County requested issuance of a Final Order imposing civil penalties and assessing an administrative compliance fee consistent with the Continuing Order.

## IV. DISCUSSION

The Compliance Hearings Officer has jurisdiction and authority to enforce the Clackamas County Building Code and various other matters.[3] The County has the burden of proving each alleged violation by a preponderance of the substantial evidence in the record.[4] I reviewed and considered the evidence in this matter, including the advocacy by Assistant County Counsel Caleb Huegel, witness testimony by CES Shane Potter, the County's supporting Exhibits A-I, the testimony and advocacy by the Respondents' representative Wes Ream, the testimony by neighbors Deanna Vaughn and Jeff Atkins, and the post-hearing status report submitted by CES Potter. I find that the evidence presented is reliable, probative and substantial evidence upon which to base a determination in this matter.

### A. Clackamas County Zoning and Development Ordinance (ZDO)

The County alleges that the Respondents violated the Clackamas County Zoning and Development Ordinance, Title 12, Sections 401.04, 406.04, and 703.04. Specifically, the County alleges that: "Work is taking place within the Floodplain Management District (FMD)." This alleged violation is a Priority 1 violation pursuant to the Clackamas County Violation Priorities.

---

[3] See Clackamas County Code § 2.07.020.
[4] See Clackamas County Compliance Hearings Officer Rules of Procedure § 11.2 (November 3, 2005)

5 of 10 – FINAL ORDER

### Title 12 Section 703 Floodplain Management District (FMD)

Section 703 of the Clackamas County Zoning and Development Ordinance applies to the Floodplain Management District (FMD), which is applied to the special flood hazard areas (SFHAs) identified by the Federal Insurance Administration in a scientific and engineering report entitled, "The Flood Insurance Study for Clackamas County, Oregon & Incorporated Areas," (FIS) dated January 18, 2019, with accompanying Flood Insurance Rate Maps (FIRMS). Except as provided for under Subsection 703.06 (concerning repairs/rehabilitation of a pre-FIRM structure that is not a substantial improvement, where the structure has not sustained substantial damage, and no increase in ground coverage results or a "no-rise" certificate is provided) all development in the floodway is prohibited except for certain stated uses, all of which are allowed only if permitted in the underlying zoning district and all of which require an approved floodplain development permit.[5] "Development" in the floodway means: "Any manmade change to improved or unimproved real estate, including but not limited to buildings or other structures, mining, dredging, filling, grading, paving, excavation or drilling operations or storage of equipment or materials."[6]

Subsection 703.10 contains FMD standards that apply to all development, with specific requirements concerning placement of fill. In this case, "fill" includes the concrete, dirt, and any other materials Respondents have placed or allowed to be placed adjacent to or within the Molalla River. The photos submitted by the County and neighboring complainants/property owners show use of a dump truck to bring fill materials onto the subject Property with grading and fill of areas of the subject Property showing an increase in height of two or more feet in various locations, as well as placement of large revetment concrete blocks within the FMD. The photos submitted by the County and neighboring complainants/property owners show use of a backhoe within the FMD in areas that appear immediately adjacent to the Molalla River and perhaps on the islands in this portion of the river.

### Sections 401 and 406 of the County ZDO

All four parcels comprising the subject Property are zoned both Exclusive Farm Use District (EFU) and Timber District (TBR). Title 12, Section 401 of the Clackamas County ZDO applies to all properties zoned EFU, whereas Title 12, Section 406 of the Clackamas County ZDO applies to all properties zoned TBR. Section 401.04 provides that uses permitted in the EFU District are listed in Table 401-1, *Permitted Uses in the EFU District*. Section 406.04 provides that uses permitted in the TBR District are listed in Table 406-1, *Permitted Uses in the TBR District*. Neither table provides for development within the regulated floodplain as an outright allowed use, meaning that such development requires a Floodway Development Permit.

### Title 12 Section 704 River and Stream Conservation Area (RSCA)

Section 704.03 of the Clackamas County Zoning and Development Ordinance applies to land that is generally within a quarter mile of the mean high-water line of the Clackamas,

---

[5] *See* Title 12 Subsection 703.07.

[6] *See* Title 12 Subsection 703.05(J)

6 of 10 -- FINAL ORDER

Sandy/Salmon, Molalla/Pudding, Roaring, Tualatin, and Zig Zag rivers, and other lands classified as Principal River Conservation Areas. The purpose of the RSCA is threefold: to maintain the integrity of rivers and streams in the County by minimizing erosion, promoting bank stability, maintaining and enhancing water quality and fish and wildlife habitat, and preserving scenic quality and recreational potential; to maintain rivers in their natural state to the maximum extent practicable, thereby recognizing their natural, scenic, historic, economic, cultural, and recreational qualities; and, to implement the River Design Plans set forth in Chapter 3 of the County's Comprehensive Plan.

The RSCA defines "Development" as "Any manmade change to improved or unimproved real estate, including but not limited to buildings or other structures, mining, dredging, filling, grading, paving, excavation, or any activity which results in the removal of substantial amounts of vegetation or in the alteration of natural site characteristics." Section 704.09.A. provides that: "Development and tree-cutting activities controlled by Section 704 in a Principal River Conservation Area (PRCS) shall be reviewed to ensure consistency with Section 704. Proposed developments on lands within 150 feet of the mean high-water line shall be reviewed through a Type II application pursuant to Section 1307." The ordinance requires that a minimum of 75% of the setback area (distance) shall be preserved with native vegetation and prohibits tree cutting or grading within the buffer area, with limited exceptions. I note that the photographs and videos submitted by County staff and the Respondents' neighbors show that trees and other vegetation have been removed in several areas adjacent to the Molalla River, substantial amounts (several dump truck loads) of dirt and fill materials have been brought onto the Property in areas that appear immediately adjacent to the river and within the protected setback area.

The County provided substantial evidence of the zoning ordinance violation on the Respondents' Property, including Exhibits A-I concerning the development within the regulated floodway of the Molalla River. Specifically, the Respondents and their representative, Mr. Reams, are engaging in or allowing removal of trees and vegetation from within the FMD and are engaging in or allowing excavation, filling and grading activity within the FMD, and therefore are engaging in development within the setback area within the meaning of the RSCA. This is essentially the subject matter of the previous County Code Enforcement violation file no. V0036020 that the County closed in January 2024. As I understand it, Mr. Ream obtained a permit in 1997 for construction of a "berm" or bank wall that included a riprap rock wall to prevent flooding of his home and has recently been engaging in new efforts to prevent flooding of his home. I believed from Mr. Ream's comments and the anxiety in his tone, as well as the location of the subject Property within the floodplain for the Molalla River, that this is a genuine concern. Nevertheless, as I stated at the hearing, all development within these areas adjacent to the Molalla River requires an approved permit, and there is no current permit for this development work. This violation existed on September 24, 2024, when CES Potter issued notice of violation to the Respondents, and has continued unabated.

### B. Civil Penalties

Clackamas County Code § 2.07.120 provides for civil penalties within the range specified in Appendix B. I find the following aggravating and mitigating factors in this case: the Respondent failed to follow through with abating the violation as required by the March 17,

7 of 10 – FINAL ORDER

2025 Continuing Order. The County has made significant efforts to obtain the Respondents' voluntary cooperation in this matter, including contacts and site visits by CES Potter, issuance of the Notice of Violation, the referral of this matter to my office for a public hearing, scheduling and rescheduling of hearings, conducting a public hearing on the matter, my issuance of a Continuing Order, and additional follow-up by CES Potter for several months before the Respondents ceased showing any progress. I stated I would strongly consider the cooperation of the Respondents as a factor when assessing a civil penalty in this matter. I find that imposing maximum civil penalties associated with the unabated ZDO violations is appropriate due to these considerations. The County requested an administrative compliance fee of $600 calculated at the rate of $75 per month beginning October 2024 to May 2025. I find that an administrative compliance fee of $600 does not exceed the County's costs and is reasonable

## V. CONCLUSIONS

The County met its burden of proving by a preponderance of the substantial evidence in the whole record that Respondents violated the Clackamas County Zoning and Development Ordinance, Title 12, Sections 401.04, 406.04, and 703.04. Specifically, development work is taking place within the Floodplain Management District (FMD) without a permit, a Priority 1 violation that remains unabated.

## VI. FINAL ORDER

Clackamas County Code § 10.03.400 provides for a civil penalty for these violations within the range established by Clackamas County Code § 2.07.120. The following is ORDERED in this matter:

1. Within 30 days of the date of this Order, the Respondents Skyview Foundation, Face Foundation, Trick Foundation, and Cobalt Foundation are ordered to pay each citation together with civil penalties pursuant to Clackamas County Code § 2.07.120 Appendix B and an Administrative Compliance fee[7], pursuant to Clackamas County Code § 1.01.090, as follows:

   | | |
   |---|---|
   | Civil Penalty for 09/24/2024 – P1 Zoning Ordinance | $ 3,500.00 |
   | Administrative Compliance Fee: | $    600.00 |
   | TOTAL: | $ 4,100.00 |

2. The Respondents Skyview Foundation, Face Foundation, Trick Foundation, and Cobalt Foundation are ordered to reimburse the County for any expense the County incurs in collection of these monies, per Clackamas County Code Chapter 2.07.090(6).

3. The Respondents Skyview Foundation, Face Foundation, Trick Foundation, and Cobalt Foundation are permanently enjoined from violating these laws in the future. The County is authorized to gain compliance of all applicable provisions of the County Code in

---

[7] Clackamas County Code § 1.01.090 provides for assessment of a monthly administrative fee to reimburse the County for administrative fees incurred in conjunction with this enforcement action. This fee is ordered as an estimated amount of the cost of enforcement, not to exceed actual cost.

8 of 10 – FINAL ORDER

2026-017669

Clackamas County Circuit Court. **The Respondents are strongly encouraged to voluntarily abate this violation.**

Respectfully Submitted,                              Dated: February 3, 2026

*Carl D. Cox*

Carl D. Cox
Compliance Hearings Officer
14725 NE 20th St. #D-5
Bellevue, WA 98007
Tel: (503) 504-1770

9 of 10 – FINAL ORDER

## NOTICES

This FINAL ORDER is effective ten calendar days after the date the Compliance Hearings Officer signs it unless, within that time, the Compliance Hearings Officer receives a written objection to the order. Such an objection shall be conveyed to the Compliance Hearings Officer through the County Code Enforcement staff mailing address or email address listed below. Such an objection shall state what changes the objector requests that the Compliance Hearings Officer make to the order and why such changes should be made, based on the applicable law and substantial evidence in the records. Absent compelling circumstances described and substantiated in an objection, the Compliance Hearings Officer shall consider and decide such objections without a public hearing. The County and/or the Respondent may file a timely objection.

Fines and costs imposed herein are a debt owed to the County, pursuant to ORS 30.460, and may be collected in the same manner as any other debt allowed by law. If fines and costs are not paid within 60 days after payment is ordered, the County may file and record the order for payment in the County Clerk Lien Records. The County may also institute appropriate suit or legal action in any court of competent jurisdiction to enforce any provisions of any order of the Compliance Hearings Officer. *See* Clackamas County Code § 2.07.110.

Any aggrieved party may file a writ of review as provided in ORS 34.010-34.100 to seek judicial review of the final order of a Compliance Hearings Officer, unless the Compliance Hearings Officer makes a land use decision, in which case the decision may be reviewed by the Oregon Land Use Board of Appeals pursuant to ORS Chapter 197. *See* Clackamas County Code § 2.07.130.

## CERTIFICATE OF SERVICE

I, Carl D. Cox, certify that on this day I sent a true and accurate copy of the foregoing FINAL ORDER by US Mail, first class postage pre-paid, in a properly addressed and sealed envelope, or via email transmission, to the following person(s) at the address shown, the last known address in the County files:

Skyview Foundation, Face Realities Foundation
Trick Foundation, Cobalt Foundation
14751 S Leabo Rd.
Molalla, OR 97038

Shane Potter
Code Enforcement Specialist
150 Beavercreek Rd.
Oregon City, OR 97045
spotter@clackamas.us

Dated: February 3, 2026

*Carl D. Cox*

Carl D. Cox, Attorney at Law

cc: Caleb Huegel, Ezra Hammer

10 of 10 – FINAL ORDER

2026-017669