IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ESTATE OF CORALIE JANE STEVENS**, by and through its Personal Representative, Erin K. Olson, | Case No. 3:24-cv-411-SI |
| Plaintiff, | **ORDER** |
| v. | |
| **NICOLE MARIE STEVENS**, *et al.*, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

Coralie Jane Stevens, through her duly appointed conservator, Erin K. Olson, brought suit against Defendants Nicole Marie Stevens, Wesley Allen Ream, Jr., Wesley Allen Ream, Sr., Mathew Dean Zirbel, Raw Foundation, Skyview Foundation, Cobalt Foundation, Trick Foundation, Face Realities Foundation, Alpha Foundation, NWRN Foundation, and Onyx Foundation. Coralie Stevens alleged claims for violations of the federal Racketeer Influenced and Corrupt Organizations ("RICO") statute, violation of the Oregon RICO statute, financial abuse of a vulnerable person under Oregon law, and fraudulent conveyance under Oregon law. After Coralie Stevens died, the Court substituted as Plaintiff her estate, through its personal representative, Erin K. Olson.

PAGE 1 – ORDER

The Court entered default against Nicole Stevens and Onyx Foundation. The remaining Defendants participated in a judicial settlement conference with U.S. Magistrate Judge Stacie Beckerman. The parties reached a settlement, and on January 21, 2025, Plaintiff filed an unopposed Motion for Approval of Settlement and Request for Stay of Action, ECF 53. Accompanying that Motion was a Declaration of Erin K. Olson, attaching a copy of the Settlement Agreement, ECF 54. The Declaration of Ms. Olson at paragraph 7 noted that the Settlement Agreement contained a provision requiring payment of $1.2 million if the $800,000 settlement payment was not timely made. ECF 54 at 3. The first page of the Settlement Agreement stated the liquidated damages provision in its fourth clause, immediately following the clause describing the primary payment obligation. ECF 54 at 7. The Settlement Agreement also contained as an exhibit a form of Stipulated Judgment to be entered if Defendants failed timely to make the settlement payment. ECF 54 at 14-20. The Court granted the Motion and approved the Settlement Agreement that same day, January 21, 2025, ECF 55.

On July 9, 2025, Plaintiff submitted the proposed Stipulated Judgment, fully executed by the parties, for signature and entry by the Court, ECF 56, along with a Declaration of Paul Galm, ECF 57, explaining why the Stipulated Judgment should be entered. Mr. Galm quoted the two clauses from the Settlement Agreement establishing the primary payment and liquidated damages obligations. Galm Decl. ¶ 4. Mr. Galm also explained that he sent the proposed Stipulated Judgment, a copy of his draft Declaration, and a letter to all defense counsel, and attached the resulting correspondence. *Id.* ¶¶ 5-6 (the declaration misnumbered paragraph six as a duplicate paragraph five); Ex. 3. The Court signed and entered the Stipulated Judgment that same day, on July 9, 2025.

PAGE 2 – ORDER

On April 22, 2026, Defendants Wesley Allen Ream, Jr., Raw Foundation, Cobalt Foundation, Trick Foundation, and Face Realities Foundation ("Ream Defendants") moved to set aside the Stipulated Judgment. ECF 65. On June 4, 2026, the Ream Defendants filed an amended motion, combined with their reply to their original motion. ECF 73. On June 7, 2026, Plaintiff filed a Motion to Strike the amended motion. ECF 75. Also on June 7, 2026, the Ream Defendants filed a Motion for Temporary Restraining Order or Preliminary Injunction. ECF 78. The Court held telephonic oral argument on all pending motions on June 8, 2025.

At oral argument, the Ream Defendants conceded that their motion for temporary restraining order ("TRO") would fail if the Court denied their motion to set aside the Stipulated Judgment. Thus, the Court begins by analyzing that motion.[1]

## A.  Motion to Set Aside the Stipulated Judgment

The Ream Defendants argue that the Court should set aside the Stipulated Judgment for two reasons: (1) it contains a liquidated damages provision that is unlawful under Oregon law, rendering the entire judgment void and challengeable as a legal nullity under Oregon law; and (2) because the mutual releases are void upon Defendants' failure timely to make the settlement

---

[1] The Court denies Plaintiff's motion to strike the amended motion to set aside and rejects Plaintiff's arguments to hold that the Ream Defendants' have waived their arguments as newly asserted in their reply. Plaintiff raised the case of *Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338 (9th Cir. 1981), in Plaintiff's response, and the Ream Defendants properly responded to Plaintiff's arguments relating to that case. The Court allowed Plaintiff the opportunity to reply at oral argument.

Additionally, Plaintiff served the Ream Defendants with a proposed Rule 11 motion for sanctions on May 19, 2026, triggering the 21-day safe harbor provision. *See* Fed. R. Civ. P. 11(c)(2). The Ream Defendants thus have the right through June 9, 2026, to withdraw their original motion and file an amended motion. The Court exercises its discretion to consider the amended motion despite the Ream Defendants not technically conforming to that procedure. The Court also ignores the Ream Defendants' violation of Local Rule 7(b), which requires that a motion not be combined with a response, reply, or other pleading.

payment, the $1.2 million liquidated damages Stipulated Judgment is void for lack of consideration. Regarding the first argument, the Court is bound by the Ninth Circuit's decision in *Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338 (9th Cir. 1981), and thus must reject Defendants' first argument. Regarding the second argument, it is legally unsound, as explained below. the first reason. The Ream Defendants next argue that the Court should grant the extraordinary relief under Rule 60(b)(6) for those same two reasons.

### 1. Void as Illegal Liquidated Damages Under Oregon Law

The Ream Defendants argue that under Oregon contract law, the provision allowing Plaintiff to file a $1.2 million Stipulated Judgment upon the nonpayment of an $800,000 settlement payment is an unlawful liquidated damages clause because it is a penalty. Under *Dunnahoo*, however, the Court does not look to Oregon contract law, but instead must evaluate whether to set aside the judgment under Rule 60(b) of the Federal Rules of Civil Procedure. *See Dunnahoo*, 637 F.2d at 1340.

The Ream Defendants recognize that *Dunnahoo* is binding on this Court but argue that it does not apply under the current circumstances because it did not consider the implications of the Rules Enabling Act and *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938), but merely "tells the Court how to apply FRCP 60(b)." ECF 73 at 19. The Ream Defendants add that, and unlike in *Dunnahoo*, here "FRCP 60 cannot occupy this conceptual space at all because doing so vitiates rights afforded the Ream Defendants by state contract law." ECF 73 at 20. They also argue that *Dunnahoo* was wrongly decided, but raise that argument only to preserve it for appeal.

Whether a liquidated damages clause contained in a Judgment can be evaluated as unlawful under state contract law or instead may be considered only under Rule 60(b) of the Federal Rules of Civil procedure is *precisely* what the Ninth Circuit resolved in *Dunnahoo*. As the court explained:

PAGE 4 – ORDER

> Dunnahoo's first argument is that the district court's award of $40,000 in damages, as provided for in the liquidated damages provision of the original judgment for any violation of the judgment, is an invalid enforcement of a penalty provision. He contends that because the judgment was entered by consent of the parties it should have the effect of a contract rather than a judgment. As a contract, the validity of its terms would be evaluated under California law. Dunnahoo thus argues that the damages provision is an unenforceable penalty under California law.
>
> We need not determine the validity of the damages provision under California law because we do not agree with Dunnahoo's interpretation of the effect of a judgment pursuant to the stipulation of the parties. Instead, we follow the mandate of *United States v. Swift & Co.*, 286 U.S. 106, 115, 52 S.Ct. 460, 462 (1932), by "reject(ing) the argument . . . that a decree entered upon consent is to be treated as a contract and not as a judicial act." Relief from any provision of the original judgment thus must be considered under Rule 60 of the Federal Rules of Civil Procedure rather than under a contract law analysis.

*Dunnahoo*, 637 F.2d at 1340. This District Court is bound by *Dunnahoo* in the current circumstances, even though the Ream Defendants contend that it "vitiates" their state contractual rights. That same argument was considered and rejected in *Dunnahoo*. Thus, the Court must consider whether the Stipulated Judgment should be set aside under the rubric of Rule 60(b).

### 2. Void as Without Consideration

The Ream Defendants also contend that the Stipulated Judgment is void because it lacks consideration. They argue that it has no consideration because the consideration of the Settlement Agreement was the mutual releases, and those became void upon the nonpayment of the $800,000 settlement payment. The Court disagrees that the mutual releases are the only possible consideration for the $1.2 million Stipulated Judgment.

Upon nonpayment of the $800,000 settlement payment, the mutual releases were void and Plaintiff had the option to sue for the original damages. Several of her claims allow for treble damages. She could have decided to pursue claims potentially more lucrative than $1.2 million.

PAGE 5 – ORDER

Alternatively, she could file the Stipulated Judgment, which she did. In so doing, *res judicata* applies to that judgment and she likely would not be able also to file a separate lawsuit on her same underlying claims. *See, e.g.*, *In re Baker*, 74 F.3d 906, 910 (9th Cir. 1996) ("For *res judicata* purposes, an agreed or stipulated judgment is a judgment on the merits."). Thus, she lost the right to file suit against these Defendants on those claims, and that constitutes sufficient consideration for the Stipulated Judgment.

### 3.  Rule 60(b)(6) Analysis

The Ream Defendants request relief only under the "catch all" provision of Rule 60(b)(6) of the Federal Rules of Civil Procedure. This clause provides that a court may provide relief for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). This provision "has been used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *United States v. Washington*, 593 F.3d 790, 797 (9th Cir. 2010) (quotation omitted).

Again, *Dunnahoo* is instructive on this point. The Ninth Circuit focused not on the merits of California's liquidated damages law and whether the disputed contract provision was unlawful and thus might fall under Rule 60(b)(6) as extraordinary circumstances, which is the approach the Ream Defendants argue the Court should take here. Instead, the Ninth Circuit focused on the fact that "neither the circumstances of petitioner nor his excuse for not appealing is so extraordinary as to" warrant relief under Rule 60. *Dunnahoo*, 637 F.2d at 1341 (cleaned up). That approach complies with *Washington* and the narrow circumstances when federal courts apply Rule 60(b)(6).

Indeed, the Ninth Circuit relied on the fact that "Dunnahoo has presented no reason for his failure to challenge the original judgment in the ordinary manner. He merely asserts for the

PAGE 6 – ORDER

first time that the damages provision is invalid under California law and therefore was erroneously included in the original judgment." *Id.* The same is true here. The Ream Defendants did not challenge the provision in the Settlement Agreement or the proposed form of Stipulated Judgment when it was filed on January 21, 2025. Nor did they challenge the fully executed Stipulated Judgment when it filed for Court approval on July 9, 2025. Nor did they file an appeal of the Stipulated Judgment after the Court signed it. The Ream Defendants filed nothing until April 22, 2026. When asked at oral argument why they made no such challenges, current counsel for the Ream Defendants offered no reason, simply stating that he was not counsel back then. But the Ream Defendants are bound by the actions of their previous counsel and failing to provide any explanation for those actions is not compelling "extraordinary circumstances." *See Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010) ("An attorney's actions are typically chargeable to his or her client and do not ordinarily constitute extraordinary circumstances warranting relief from judgment under Rule 60(b)(6)."). A change in counsel, by itself, does not represent "extraordinary circumstances" for having missed those deadlines *at the time they were missed*.

The Ream Defendants were represented by competent counsel at the time the Stipulated Judgment was not challenged. The Ream Defendants make no allegations and offer no evidence of misleading conduct, gross negligence, or abandonment by their former counsel, nor do the Ream Defendants assert that they were unapprised of the terms of the liquidated damages provision or did not understand it, or other such factors that courts have considered when granting motions under Rule 60(b)(6) based on failure by counsel. *See, e.g., Commn'y Dental Servs. v. Tani*, 282 F.3d 1164, 1171 (9th Cir. 2002) (granting a Rule 60(b)(6) motion for an attorney's gross negligence where attorneys told the client an attorney "was performing his

PAGE 7 – ORDER

responsibilities, thereby deliberately misleading [the client] and depriving him of the opportunity to take action to preserve his rights"); *MPK, Inc. v. Bernardaud N.A., Inc.*, 2021 WL 4732927, at *2 (C.D. Cal. Feb. 2, 2021) (granting Rule 60(b)(6) motion where the court previously had found that counsel had "demonstrated gross negligence or abandonment" and the client had shown "unsuccessful efforts to remain apprised" of the attorney's efforts).

Further, the Ninth Circuit concluded that even with "gross negligence" Rule 60(b)(6) relief is not available based on attorney conduct for Rule 68 judgments because such judgments are "to encourage termination of litigation." *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1103 (9th Cir. 2006). A stipulated judgment based on a settlement agreement serves the same purpose, and thus it is likely the Ninth Circuit would extend *Latshaw*'s holding to such judgments. That would foreclose even grossly negligent conduct as a basis for a Rule 60(b)(6) finding of extraordinary circumstances here, and the Ream Defendants do not come close to meeting any such standard.

Thus, as the Ninth Circuit explained in *Dunnahoo*,

> The provisions of rule 60(b)(6) were not intended to benefit the unsuccessful litigant who long after the time during which an appeal from a final judgment could have been perfected first seeks to express his dissatisfaction. The procedure provided by rule 60(b) is not a substitute for an appeal.

*Dunnahoo*, 637 F.2d at 1341 (quoting *Morse-Starrett Prods. Co. v. Steccone*, 205 F.2d 244, 249 (9th Cir. 1953)). The time to appeal has long passed and no extraordinary circumstances were presented to the Court that prevented the Ream Defendants from "taking timely action." *Washington*, 593 F.3d at 797. Accordingly, their motion under Rule 60(b)(6) fails.[2]

---

[2] Even if the Court were to consider the merits of the Ream Defendants' arguments under Oregon law in evaluating whether extraordinary circumstances exist under Rule 60(b)(6) (or whether the stipulated judgment is void under Oregon law if *Dunnahoo* were wrongly decided and Rule 60(b)(6) is not the proper vehicle of analysis), the Court disagrees with Defendants. As

PAGE 8 – ORDER

**B. Motion for Temporary Restraining Order**

The Ream Defendants' motion for injunctive relief is based on asserted likelihood of success on the underlying motion to set aside the Stipulated Judgment. Counsel for the Ream Defendants conceded at oral argument that if the Court denies that motion, then their motion for TRO fails because there would be no likelihood of success on the merits. The Court has denied the motion to set aside the Stipulated Judgmnet and thus finds that the Ream Defendants have no likelihood of success on the merits or serious questions going to the merits.

---

previously discussed, the judgment is not void for lack of consideration. Regarding whether it is void because it is based on an unlawful liquidated damages provision, the standard under Oregon law is whether the liquidated damages provision represents an "amount which is reasonable in the light of the anticipated or actual harm caused by the breach, the difficulties of proof of loss, and the inconvenience or nonfeasibility of otherwise obtaining an adequate remedy." *Illingworth v. Bushong*, 297 Or. 675, 692 (1984) (quoting Oregon Revised Statutes § 72.7180(1)), *disapproved of in part on other grounds by Ditommaso Realty, Inc. v. Moak Motorcycles, Inc.*, 309 Or. 190 (1990).

Counsel for Plaintiff asserted at oral argument that she assessed the likely costs associated with continuing with the case if the settlement payment was not made and that the liquidated damages provision was a reasonable assessment of those damages. Evidence in the record shows that there is a significant tax lien against Plaintiff (the estate), with ongoing interest accruing. Counsel for Plaintiff described how the government is actively pursing that claim, with additional costs associated. Furthermore, Plaintiff is represented by a conservator, and there are other fiduciaries in this case, which involve significant additional fees if the case must progress beyond the settlement. Additionally, counsel for Plaintiff explained that she knew any collection effort against Defendants would involve gamesmanship and protracted litigation in multiple forums, which has proven true, as there has been litigation in state court, bankruptcy court, and this Court, all resulting in costs to the estate. The Ream Defendants argue that such costs may not be considered by Plaintiff in reasonably assessing a liquidated damages clause because there is an attorney's fees provision in the Settlement Agreement, but many of the costs described as being evaluated by Plaintiff do not appear to fall within expenses that would be recoverable from that provision. The Court is satisfied by counsel's representation that she assessed the damages from continuing the case if the settlement agreement payment was not made and the additional $400,000 was a reasonable estimate, if not low. Thus, the provision is not an unlawful liquidated damages provision under Oregon law, and all of the Ream Defendants' arguments fail in light of this finding.

PAGE 9 – ORDER

The Ream Defendants' argument for the balance of equities also fails, because their argument was that the equities tipped in their favor due to the short period of time that the sale would be delayed—only until the Court resolved the pending motion to set aside the judgment. But because the Court has now denied that motion, to grant meaningful injunctive relief would require a preliminary injunction lasting through an appeal to the Ninth Circuit so that Defendants could try to overturn *Dunnahoo*. The Ream Defendants offer no argument that the balance of the equities tips in their favor for this length of delay, and the Court finds it does not.

Plaintiffs have been due at least $800,000 since January 21, 2025. There is no evidence that the Ream Defendants made any reasonable effort to make that payment. After Plaintiff notified them that she would enter the Stipulated Judgment, Defendants' counsel stated on June 25, 2025, that "things are moving" but offered no specifics or further details. On July 8, 2025, one day before Plaintiff was due to enter the Stipulated Judgment, Defendants asked for an extension of time, generally asserting they were "trying to refinance some properties" but offered no details or evidence. After Plaintiff entered the Stipulated Judgment, Defendants had another nearly eight months to make any effort at payment before filing the motion to set aside, and accomplished nothing. Now they argue that the properties should not be sold at a "fire sale" through a Sheriff's sale so they can list and sell them in a more orderly fashion. The Court is unpersuaded that the balance of the equities tips in favor of allowing Defendants a significant length of time to make a payment that has been due for nearly 17 months, given their demonstrated lack of efforts.

## C.  Conclusion

The Court DENIES the Ream Defendants' Motion to Set Aside the Judgment, ECF 65, and Amended Motion to Set Aside the Judgment, ECF 73. The Court DENIES Plaintiff's Motion to Strike the Reply and Amended Motion to Set Aside the Judgment, ECF 75. The Court

PAGE 10 – ORDER

DENIES the Ream Defendants' Motion for Temporary Restraining Order or Preliminary Injunction, ECF 78.

**IT IS SO ORDERED.**

DATED this 8th day of June, 2026.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 11 – ORDER